UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SANTIAGO PINEDA, all others similarly situated under 29 U.S.C. 216 (b), and MARIA PENA** Plaintiffs, <br><br> v. <br><br> **JTCH APARTMENTS, LLC** and **SIMONA VIZIREANU,** Defendants. | Cause No. **3:13-cv-00588-B** |

## AMENDED COMPLAINT UNDER 29 U.S.C. §§ 201- 216

Plaintiff, SANTIAGO PINEDA, on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), and MARIA PENA through undersigned counsel, file this Amended Complaint against Defendants JTCH APARTMENTS, LLC and SIMONA VIZIREANU, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff SANTIAGO PINEDA was a resident of Dallas County, Texas at the time that this dispute arose. The Plaintiff MARIA PENA is the wife of SANTIAGO PINEDA and was also resident of Dallas County, Texas at the time that this dispute arose.

3. The Defendant, JTCH APARTMENTS, LLC, is a foreign limited liability company that regularly transacts business within Dallas County. Upon information and belief, the Defendant Company was the FLSA employer for Plaintiff SANTIAGO PINEDA's respective period of employment ("the relevant time period").

4. The individual Defendant, SIMONA VIZIREANU, is a corporate officer and/or owner and/or manager of the Defendant Company who runs the day-to-day operations of the

Defendant Company for the relevant time period and was responsible for paying Plaintiff SANTIAGO PINEDA's wages for the relevant time period and controlled Plaintiff SANTIAGO PINEDA's work and schedule and was therefore Plaintiff SANTIAGO PINEDA's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in the Northern District of Texas.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff SANTIAGO PINEDA who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff, SANTIAGO PINEDA, worked for Defendants as a maintenance man from on or about September 5, 2011 through on or about January 21, 2013.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff SANTIAGO PINEDA's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff SANTIAGO PINEDA's work for the Defendants affected interstate commerce for the relevant time period

because the materials and goods that Plaintiff SANTIAGO PINEDA used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff SANTIAGO PINEDA's use of the same. The Plaintiff SANTIAGO PINEDA's work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff SANTIAGO PINEDA's work for the Defendants.

11. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2010, 2011 and 2012.

12. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2013.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. From on or about September 5, 2011 through on or about January 21, 2013, Plaintiff SANTIAGO PINEDA worked an average of 49 hours per week and was paid an average of $9.00 per hour, but was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff SANTIAGO PINEDA's therefore claims the half time overtime rate for each overtime hour worked in a work week.

15. Defendants willfully and intentionally refused to pay Plaintiff SANTIAGO PINEDA's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the

overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff SANTIAGO PINEDA these wages from the commencement of Plaintiff SANTIAGO PINEDA's employment for the time period specified above.

Wherefore, the Plaintiff SANTIAGO PINEDA requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff SANTIAGO PINEDA's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. Plaintiff Requests a **Trial By Jury.**

## COUNT II: RETALIATION UNDER 29 USC 215(A)(3)

16. Plaintiffs, SANTIAGO PINEDA and MARIA PENA, by and through undersigned counsel, re-adopt Paragraphs 1-15 above and further state the following (Plaintiffs, SANTIAGO PINEDA and MARIA PENA, readopt all above paragraphs as the Retaliation Count is grounded in all of the above allegations pursuant to which Plaintiff SANTIAGO PINEDA in good faith believes he was not paid legally mandated wages, and thereafter suffered retaliation for seeking redress).

17. JTCH APARTMENTS, LLC renewed its lease contract for the apartment where Plaintiff SANTIAGO PINEDA and his wife, Plaintiff MARIA PENA live on February 6, 2013. Plaintiff MARIA PENA signed the renewal. This suit for overtime wages was filed February 4, 2013 and served upon JTCH APARTMENTS, LLC February 11, 2013. On February 14, 2013, Claudia Lazaro, apartment manager for the apartments where Plaintiff SANTIAGO

PINEDA and his wife, Plaintiff MARIA PENA live delivered an eviction notice dated February 12, 2013 to Plaintiff SANTIAGO PINEDA and his wife, Plaintiff MARIA PENA from JTCH APARTMENTS, LLC demanding that they and all other occupants vacate the apartment before midnight on March 14, 2013, and attempted to extract thousands of dollars from Plaintiff SANTIAGO PINEDA and his wife, Plaintiff MARIA PENA that were not due nor owed to Defendants by Plaintiffs.

18. The motivating factor for Defendants' actions was Plaintiff SANTIAGO PINEDA's asserting a claim for overtime wages pursuant to the Fair Labor Standards Act.

19. Defendants' actions as discussed above are in direct violation of 29 U.S.C. 215 (A)(3) because the motivating factor for said activity was Plaintiff SANTIAGO PINEDA's demand for his legally mandated wages and, as a result, Plaintiff SANTIAGO PINEDA and his wife, Plaintiff MARIA PENA have been damaged. See *Daniel v. Winn-Dixie Atlanta, Inc.,* 611 F. Supp. 57 (N.D. Ga. 1985) (215(A)(3) protections extended to the spouse of a worker who complained regarding F.L.S.A. rights).

Wherefore, the Plaintiff SANTIAGO PINEDA and his wife, Plaintiff MARIA PENA request judgment against the defendants jointly and severally, for attorney's fees, costs, promotion and injunctive relief prohibiting the defendants from discriminating in the manner described above, emotional distress and humiliation and pain and suffering, and all other damages recoverable by law under 29 U.S.C. 216(B). Plaintiffs Request a **Trial By Jury.**

Respectfully submitted,

/s/ Robert L. Manteuffel
Robert L. Manteuffel
Texas Bar No. 12957529
J.H. Zidell
Texas Bar No. 24071840
J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
972-233-2264 (tel)
972-386-7610 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 15th day of February, 2013.

/s/ Robert L. Manteuffel
Robert L. Manteuffel
Counsel for the Plaintiff(s)