**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SANTIAGO PINEDA, all others** | § | |
| **similarly situated under** | § | |
| **29 U.S.C. 216 (b), and MARIA PENA** | § | |
| **Plaintiffs,** | § | |
| | § | **Cause No. 3:13-cv-00588-B** |
| **v.** | § | |
| | § | |
| **JTCH APARTMENTS, LLC** | § | |
| **and SIMONA VIZIREANU,** | § | |
| **Defendants.** | § | |

<u>**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM**</u>

COURT'S INSTRUCTIONS TO THE JURY

<u>INSTRUCTION NO. 1</u>

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. [Do not take notes.]

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM          PAGE 1**

[Alternate 1:  You will need to rely on your memories.]

[Alternate 2:  If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your own independent memory of the testimony.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony.]  Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits [may] [will] be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.  [In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.]  [Do not listen to any local radio or television newscasts until this trial is over, or read any local newspaper unless someone else first removes any possible reference to this trial.]

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

5th Circuit Pattern Jury Instruction (Civil Cases) 2006, 1.1

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM        PAGE 2**

INSTRUCTION NO. 2

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

5th Circuit Pattern Jury Instruction (Civil Cases) 2006, 2.1

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

INSTRUCTION NO. 3

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.]  [You have heard the closing arguments of the attorneys.]  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  [Do not decide who you think should win and then answer the questions accordingly.]  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate.) ]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[The fact that a witness has previously been convicted of a felony, or a crime involving

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM          PAGE 4**

dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

[Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM          PAGE 5**

division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. [You may now retire to the jury room to conduct your deliberations.]

5th Circuit Pattern Jury Instruction (Civil Cases) 2006, 3.1

> GIVEN: _____
> GIVEN AS MODIFIED: _____
> WITHDRAWN: _____
> REFUSED: _____

INSTRUCTION NO. 4

DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

5th Circuit Pattern Jury Instruction (Civil Cases) 2006, 2.11

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM          PAGE 7**

INSTRUCTION NO. 5

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

5th Circuit Pattern Jury Instruction (Civil Cases) 2006, 2.13

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM       PAGE 8**

INSTRUCTION NO. 6

FAIR LABOR STANDARDS ACT (29 U.S.C. SEC. 216)

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of minimum wages [and/or time-and-a-half overtime pay].  The plaintiff claims that the defendant did not pay him the legally required overtime pay.

The plaintiff must prove each of the following by a preponderance of the evidence:

1. That the defendant employed the plaintiff during the time period involved;

2. That [the plaintiff's work was engaged in commerce or in the production of goods for commerce] [the defendant's business or businesses under unified operation or common control employed at least two persons and was engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000];  and

3. That the defendant failed to pay the plaintiff the overtime pay required by law.

In determining whether an individual is an "employee" within the meaning of the FLSA, the label attached to the relationship is irrelevant if it does not mirror economic reality.  Where the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the Fair Labor Standards Act. The main inquiry is whether the individual is or is not, as a matter of economic fact, in business for himself. You are to consider the following five criteria in determining whether Santiago Pineda is in "economic reality" an independent businessman: (1) the permanency of the working relationship, (2) the opportunity for profit and loss, (3) investment in material, (4) the degree of control, and (5) the individual's skill.

The term "commerce" has a very broad meaning and includes any trade, commerce, transportation, transmission or communication between any state and any place outside that state.

A person is considered to have been "engaged in the production of goods" if the person produced, manufactured, mined, handled, transported, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods.

An employer must pay its employees at least one and one-half times their regular rate for overtime work.

An employee's regular rate is the basis for calculating any overtime pay due the employee.

The regular rate for a week is determined by dividing the first 40 hours worked into the

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM        PAGE 9**

total wages paid for those 40 hours.  The overtime rate, then, is one and one-half times that rate.

If, after considering all of the evidence, you find that the plaintiff has failed to prove one or more of the elements of his (her) claim, your verdict must be for the defendant.

Even if the plaintiff has proven the elements of his (her) claim, you must return a verdict for the defendant if the defendant proves by a preponderance of the evidence that it is exempt from the minimum wage law [overtime pay law].

If, however, you find that the plaintiff has proved by a preponderance of the evidence all of the elements of his claim, and that the defendant has failed to establish its claim of exemption from the minimum wage law [or, the overtime pay law], then your verdict must be for the plaintiff and you must determine the damages that the plaintiff is entitled to recover.

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid.

Defendants' failure to pay overtime was willful if Plaintiffs prove that Defendants knew that their conduct was prohibited by the law regarding overtime pay, or showed reckless disregard for whether their conduct was prohibited by the law regarding overtime pay.

5th Circuit Pattern Jury Instruction (Civil Cases) 2006, 11.1; *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

INSTRUCTION NO. 7

RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA

It is the employer's responsibility of keeping records of hours worked by employees under the FAIR LABOR STANDARD ACT. "Where the employer's records of work time are inaccurate [or completely missing] and the employee cannot offer convincing substitutes . . . [] the employee has carried out [his/her] burden if he/she proves that he/she has in fact performed work for which he/she has been improperly compensated and if he/she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the [employee] may then [be] awarded damages even though the result be only approximate. [emphasis added]." *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM       PAGE 11**

INSTRUCTION NO. 8

SPECIFIC RECORD KEEPING REQUIREMENTS

Employers are required by law to keep the following time records regarding their employees:

(1) Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,

(2) Home address, including zip code,

(3) Date of birth, if under 19,

(4) Sex and occupation in which employed

(5) Time of day and day of week on which the employee's workweek begins If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,

(6)(i) Regular hourly rate of pay for any workweek in which overtime compensation is due (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each payment which, pursuant to law, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),

(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),

(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM         PAGE 12**

(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded,

(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,

(11) Total wages paid each pay period,

(12) Date of payment and the pay period covered by payment.

Authority: 29 CFR 516.2

GIVEN:_____
GIVEN AS MODIFIED:_____
WITHDRAWN:_____
REFUSED:_____

INSTRUCTION NO. 9

EMPLOYEE STANDBY OR WAITING TIME

"Stand-by" time or "waiting" time is compensable under the F.L.S.A. if it is in furtherance of the employer's business objectives. "Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."
*Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN:_____
GIVEN AS MODIFIED:_____
WITHDRAWN:_____
REFUSED:_____

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM        PAGE 14**

INSTRUCTION NO. 10

"WORK" DEFINED

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.
*Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).

GIVEN:_____

GIVEN AS MODIFIED:_____

WITHDRAWN:_____

REFUSED:_____

INSTRUCTION NO. 11

EMPLOYEE PERMITTED TO WORK

Permitting an employee to engage in an activity is considered "work" under the FLSA. 29 U.S.C. 203 (e)(1)

GIVEN:_____

GIVEN AS MODIFIED:_____

WITHDRAWN:_____

REFUSED:_____

INSTRUCTION NO. 12

"COMPENSABLE TIME" INCLUSIVE

"Compensable time" includes far more than the time that the employee spends engaged in active labor.
*Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN:_____
GIVEN AS MODIFIED:_____
WITHDRAWN:_____
REFUSED:_____

INSTRUCTION NO. 13

INDIRECT EMPLOYER DEFINED

Any person who acts indirectly in the interest of [Plaintiff's] employer(s) in relation to the Plaintiffs for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work is considered to be an employer under the Fair Labor Standards Act.
29 U.S.C. 203 (d)

GIVEN:_____

GIVEN AS MODIFIED:_____

WITHDRAWN:_____

REFUSED:_____

INSTRUCTION NO. 14

"EMPLOYER" DEFINED BROADLY UNDER THE FLSA

Under the Fair Labor Standards Act, the term "Employer" is defined more broadly than the term would be interpreted in traditional common law application in order to meet the remedial purposes behind the Fair Labor Standards Act.
*Falk v. Brennan,* 414 U.S. 190 (1973).
*McLaughlin v. Seafood, Inc.*, 867 F.2d 875 (5th Cir. 1989)
*Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).


GIVEN:_____
GIVEN AS MODIFIED:_____
WITHDRAWN:_____
REFUSED:_____

INSTRUCTION NO. 15

CALCULATION OF HOURLY PAY

Weekly salary. If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired at a salary of $ 350 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $ 350 divided by 35 hours, or $ 10 an hour, and when the employee works overtime the employee is entitled to receive $ 10 for each of the first 40 hours and $ 15 (one and one-half times $ 10) for each hour thereafter. If an employee is hired at a salary of $ 375 for a 40-hour week the regular rate is $ 9.38 an hour.
29 C.F.R. 778.113(a)

GIVEN:_____

GIVEN AS MODIFIED:_____

WITHDRAWN:_____

REFUSED:_____

INSTRUCTION NO. 16

RIGHTS TO OVERTIME NON-WAIVABLE

An individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee. Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728 (U.S. 1981); Baker et.al. v. Barnard Construction Co. et.al., 146 F.3d 1214 (10th Cir. 1998).

GIVEN:_____

GIVEN AS MODIFIED:_____

WITHDRAWN:_____

REFUSED:_____

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM      PAGE 21**

INSTRUCTION NO. 17

INSTRUCTION ON IMMIGRATION STATUS

Under the FLSA an employer still must pay an employee overtime wages regardless of such employee's citizenship or immigration/naturalization status.  Therefore, any testimony you may have heard regarding the Plaintiff's citizenship or immigration/naturalization status cannot be used in any manner to deny Plaintiff damages for overtime wages if you find that she was not paid overtime wages required by the FLSA.

*Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988); *Martinez v. Mecca Farms, Inc.*, 213 F.R.D. 601 (S.D. Fla. 2002).

GIVEN:_____
GIVEN AS MODIFIED:_____
WITHDRAWN:_____
REFUSED:_____

INSTRUCTION NO. 18

CORPORATE OFFICER "EMPLOYER"

A corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.

*Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir, 1886), quoting *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir.1983) (citing cases). Accord *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir.1984), cert. denied, 471 U.S. 1124, 105 S. Ct. 2654, 86 L. Ed. 2d 272 (1985).


GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

INSTRUCTION NO. 19

ADDITIONAL INDIVIDUAL LIABILITY INSTRUCTION

Any person who acts indirectly in the interest of [Plaintiff's] employer(s) in relation to the Plaintiffs for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work is considered to be an employer under the Fair Labor Standards Act.

Personal liability may arise from significant ownership interest coupled with operational control.  Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control.

29 U.S.C. 203 (d); *Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. 1983); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999), *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982).

GIVEN:_____

GIVEN AS MODIFIED:_____

WITHDRAWN:_____

REFUSED:_____

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM          PAGE 24**

INSTRUCTION NO. 20

RETALIATORY DISCRIMINATION SUBSTANTIVE INSTRUCTION

Plaintiffs, Santiago Pineda and Maria Pena, allege that the Defendants retaliated, that is, took revenge against the Plaintiffs, by taking steps to evict Plaintiffs from their apartment, and wrongfully accusing them of not paying rent, because Plaintiff Santiago Pineda filed a Complaint for unpaid overtime wages under the Fair Labor Standards Act.  Under 29 U.S.C. Section 215(a)(3) of the FLSA, it is illegal "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]…." To establish a claim for unlawful retaliation under this Act, Plaintiffs must prove the following elements by a preponderance of the evidence:

( 1) that the Plaintiff, Santiago Pineda, requested his overtime wages from the Defendants under the Fair Labor Standards Act in good faith;

(2) that the Plaintiffs were retaliated against;

(3) that Plaintiffs' retaliation was causally related to Plaintiff Pineda's statutorily protected activities;

and

(4) that the Plaintiffs suffered damages as a proximate result of the discrimination.

For Plaintiffs to be retaliated against and for it to be "causally related" to a statutorily protected activity it must be shown that, "but for" the protected activity, the Plaintiffs would not have been retaliated against. Or, stated another way, it must be shown that the protected activity

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM          PAGE 25**

by Plaintiff Pineda was a substantial, motivating cause that made a difference in the Defendants' decision.

You should be mindful that the law in this case requires only that an employer not retaliate against an employee because the employee sought legal assistance, protested or opposed, or made a claim verbal or written against the employer under or related to the Act.

The law also extends protections to the spouse of a worker who has complained regarding the worker's rights under the FLSA.

Model Jury Instructions -Employment Litigation, Section 1.03[2][b ], ABA, Section of Litigation, 1994; McLaughlin, Sec. Of Labor v. RicWand Shoe Co., 486 U.S. 128 (1988); Reich v. Dept. of Conservation and Nat. Res., 28 F.3d 1076 (llth Cir. 1994); Equal Pay Act Instructions and Comments, Section 2.05; Restatement (Second), § 500 (1965); Daniel v. Winn-Dixie Atlanta, Inc., 611 F. Supp. 57 (N.D. Ga. 1985).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

INSTRUCTION NO. 21

SEVERAL REASONS FOR DISCRIMINATION

There may be several reasons for a discrimination arising from employment. If, however, the immediate cause or motivating factor for the employer's discrimination against an employee was the filing or asserting of a wage complaint, the discrimination is unlawful under the Fair Labor Standards Act.

*Goldberg v. Bama Mfg. Corp.*, 302 F.2d 152 ( 5th Cir. 1962).

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

INSTRUCTION NO. 22

CAUSAL CONNECTION

"A causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action."

*Burrus v. United Telephone Co. of Kansas, Inc.,* 683 F.2d 339, 343 (10th Cir. 1982).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

INSTRUCTION NO. 23

DAMAGES FOR RETALIATION

Plaintiffs Santiago Pineda and Maria Pena, have alleged that, as a result of Defendants' alleged retaliation based on Santiago Pineda asserting his right to obtain his FLSA mandated Overtime wages, they have suffered mental and emotional pain and suffering. These are called compensatory damages. The Plaintiffs have the burden of proving compensatory damages by a preponderance of the evidence. If the Plaintiffs do not establish that they experienced emotional pain and suffering because of the violations of their rights under the Act, then they cannot recover compensatory damages.

If you determine the Plaintiffs have proven by a preponderance of the evidence that they experienced emotional pain and suffering, you may award damages for those injuries. A plaintiff's testimony regarding emotional distress must establish that he or she actually suffered demonstrable emotional distress, which must be sufficiently articulated- neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a violation occurred supports an award of compensatory damages. No evidence of the monetary value of such intangible issues such as pain or suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for the elements of these damages. The damages that you award must be fair compensation -no more and no less.

When considering the amount of monetary damages to which the Plaintiffs may be entitled, you should consider the nature, character, and seriousness of any emotional pain and suffering they allegedly experienced. You must also consider its extent or duration, as any award you make must cover the damages endured by the Plaintiffs since the wrongdoing to the present

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM    PAGE 29**

time, and even into the future if you find as fact that the proofs presented justify the conclusion

that the emotional pain and suffering and its consequences which have continued to the present

time or can reasonably be expected to continue in the future.

Authority (modified): American Bar Association, Model Jury Instructions, Employment Litigation, Sections 1.07[3]; Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §§ 104.06,1-4.6, 104A.ll (1987 and Supp. 1991) (modified); Pattern Federal Claims Instructions, No. 1.2, U.S. Eleventh Circuit (1990); Snapp v. Unlimited Concepts, ~, 208 F .3d 928 (11 th Cir .2000), Vance v. Southern Bell Telephone and Tele~aph ~, 863 F.2d 1503 (1lth Cir. 1989); Stallworth v. Shuler,777 F.2d 1431 (1lth Cir. 1985); Carey v. Piphus, 435 U.S. 24755 L.Ed. 2d. 252 (1978); Price v. City of Charlotte, 71 FEP Cases 1289,1298 (4th Cir. 1996); Patterson v. PHP Healthcare, 72 FEP 613(5th Cir. 1996); McLaughlin v. Richland Shoe Co.. 486 U.S. 128 (1988); Equal Pay Act Instructions and Comments, Section 2.05; Restatement (Second) of ~, § 500 (1965).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM**     **PAGE 30**

JURY QUESTIONS

Do you find from a preponderance of the evidence:

OVERTIME/STRAIGHT-TIME WAGES

1.  That the Defendants JTCH Apartments, LLC and/or Simona Vizireanu failed to pay

    any of Plaintiff Pineda's wages in violation of the applicable law?

    Yes _____ No _____

    [Note:  If your answer is Yes, you need to determine the dollar
    amount of the unpaid overtime wages in the paragraph below.  If
    your answer is No, please proceed to Question No. 3.]

DAMAGES

2.  That Plaintiff Santiago Pineda should have been paid $_____ as the Plaintiff's

    overtime wages.

INDIVIDUAL EMPLOYER STATUS

3.  That Defendant JTCH Apartments, LLC was Plaintiff Santiago Pineda's employer

    during the employment period relevant to this lawsuit within the meaning explained

    in the Jury Instructions.

    Yes _____ No _____

4.  That Defendant Simona Vizireanu was Plaintiff Santiago Pineda's employer during

    the employment period relevant to this lawsuit within the meaning explained in the

    Jury Instructions.

    Yes _____ No _____

RETALIATION

5.  Was Plaintiff Santiago Pineda's Complaint for overtime wages a motivating

    factor or immediate cause for which the Defendants retaliated against him?

    Yes_____              No_____

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM          PAGE 31**

6. How much money is Plaintiff Santiago Pineda entitled to from the Defendants due to Defendants retaliatory conduct against Plaintiff Santiago Pineda for filing this instant action against Defendants for Past Mental Pain and Suffering from the retaliatory conduct to the date of trial and Future Mental Pain and Suffering from the date of trial into future?

$_____.

7. Was Plaintiff Santiago Pineda's Complaint for overtime wages a motivating factor or immediate cause for which the Defendants retaliated against Plaintiff Maria Pena?

Yes_____          No_____

8. How much money is Plaintiff Maria Pena entitled to from the Defendants due to Defendants retaliatory conduct against Plaintiff Maria Pena for filing this instant action against Defendants for Past Mental Pain and Suffering from the retaliatory conduct to the date of trial and Future Mental Pain and Suffering from the date of trial into future?

$_____.

SO SAY WE ALL.

_____
JURY FOREPERSON

_____
DATE

**PLAINTIFFS' PROPOSED JURY CHARGE AND VERDICT FORM          PAGE 32**

Respectfully submitted,

By:     /s/ Robert L. Manteuffel
        Robert L. Manteuffel
        Texas Bar No. 12957529
        J.H. Zidell
        Texas Bar No. 24071840
        Attorneys For Plaintiffs

        J.H. Zidell, P.C.
        6310 LBJ Freeway, Ste. 112
        Dallas, Texas 75240
        Tel:    972-233-2264
        Fax:    972-386-7610
        E-mail address:  rlmanteuffel@sbcglobal.net

        **COUNSEL FOR THE PLAINTIFF(S)**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 23rd day of September, 2014.


/s/ Robert L. Manteuffel
Robert L. Manteuffel