


## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SANTIAGO PINEDA and all others similarly situated under 29 U.S.C. 216(B), and MARIA PENA,<br><br>    Plaintiffs,<br><br>v.<br><br>JTCH APARTMENTS, LLC and SIMONA VIZIREANU,<br><br>    Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 3:13-CV-588-B |

## JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

## I.     GENERAL INSTRUCTIONS

### A.     *Introduction*

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Questions, statements, and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly.  Do not let bias, prejudice, or sympathy play any part

in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. Your answers and your verdict must be unanimous.

### B.    Burden of Proof: Preponderance of the Evidence

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

### C.    Witness Testimony

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### D.    Evidence

You must consider only the evidence in this case. That said, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### E.    Objections and Arguments by Counsel

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not draw any inference against an attorney or his client because the attorney has made objections.

Upon allowing testimony of other evidence to be introduced over the objection of any attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect

of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, or to the introduction of any other evidence, you must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if the witness had been permitted to answer.

From time to time during the trial, it may have been necessary for me to talk with the attorneys out of your hearing, either by having a conference at the bench when you were present in the courtroom, or by calling a recess. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

### F.    *Use of Notes Taken by Jurors*

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## II.    DEFINITIONS

Throughout the remainder of these instructions, I refer to the following abbreviated terms, which are defined as follows:

1.    "FLSA" refers to the Fair Labor Standards Act.

2.    "Mr. Pineda" refers to Plaintiff Santiago Pineda.

3.    "Mrs. Pineda" or "Mrs. Pena" refers to Plaintiff Maria Pena.

4.    "JTCH" or "JTCH Apartments" refers to Defendant JTCH Apartments LLC.

5.    "Vizireanu" refers to Defendant Simona Vizireanu.

## III.    STIPULATED FACTS

The parties have agreed, or stipulated, to the following facts. This means that both sides agree

that these are established facts. You must therefore treat these facts as having been proven.

1.    Defendant JTCH Apartments LLC had gross receipts of at least $500,000.00 in 2011 and 2012.

2.    Defendant JTCH Apartments LLC had at least two employees in 2011 and 2012.

3.    Plaintiff Mr. Pineda worked for Defendant JTCH Apartments LLC from October 5, 2011 through January 21, 2013.

## IV.    PLAINTIFF MR. PINEDA'S FLSA OVERTIME CLAIM

Plaintiff Mr. Pineda claims that Defendants did not pay him the overtime pay required by the federal Fair Labor Standards Act (also known as the FLSA). The FLSA is a federal law that requires employers to pay minimum wage and time-and-a-half overtime wages to eligible employees. This case strictly involves a claim for overtime wages.

Defendants deny this claim and contend that Plaintiff Mr. Pineda was paid in accordance with the FLSA.

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime.

To succeed on his claim, Plaintiff Mr. Pineda must prove each of the following facts by a preponderance of the evidence:

1.    Plaintiff Mr. Pineda was an employee of Defendants JTCH Apartments LLC and/or Simona Vizireanu during the time period involved in this lawsuit;

2.    Plaintiff Mr. Pineda was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 in the year during which the overtime allegedly accrued.

3.    Defendants JTCH Apartments LLC and/or Simona Vizireanu failed to pay Plaintiff Mr. Pineda overtime pay in accordance with the FLSA.

Under the FLSA, an employer still must pay an employee overtime wages regardless of such employee's citizenship or immigration/naturalization status. Therefore, any testimony you may have heard regarding the Plaintiffs' citizenship or immigration/naturalization status cannot be used in any

manner to deny Plaintiff Mr. Pineda damages for overtime wages if you find that he was not paid overtime wages required by the FLSA.

**A.      *Element 1: Determining whether Plaintiff Mr. Pineda was an employee of Defendants***

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people perform services for others while remaining self-employed as independent contractors.

Plaintiff Mr. Pineda must prove by a preponderance of the evidence that he was an employee of Defendants JTCH Apartments LLC and/or Simona Vizireanu. Therefore, you must determine whether Plaintiff Mr. Pineda was an employee of Defendants JTCH Apartments LLC and/or Simona Vizireanu or an independent contractor. You should answer this question in light of the economic realities of the entire relationship between the parties. There are a number of factors you must consider based on all the evidence in the case.

When considering these factors, note that an "employer" also includes any person who acts indirectly in the interest of JTCH Apartments LLC in relation to Plaintiff Mr. Pineda for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work.

The factors to consider when determining whether Plaintiff Mr. Pineda is an employee or an independent contractor are as follows:

1.      Who controls Plaintiff Mr. Pineda's work. In an employer-employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and to set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that assignment are determined by

the independent contractor, normally using special skills necessary to perform that kind of work.

2.  How Plaintiff Mr. Pineda is paid. An employer usually pays an employee on a time-worked, piece-work, or commission basis, and an employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the employee. An independent contractor is ordinarily paid an agreed set amount, or according to an agreed formula, for a given task or job, and no benefits are provided.

3.  How much risk or opportunity Plaintiff Mr. Pineda has. An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

4.  Who provides Plaintiff Mr. Pineda's tools, equipment, and supplies. An independent contractor usually provides the tools, equipment, and supplies necessary to do the job, but an employee usually does not.

5.  How Plaintiff Mr. Pineda offers his services. Independent contractors generally offer their services to the public or others in a particular industry, have procured the necessary licenses for performing their services, and may have a business name or listing in the phone book. Employees ordinarily work for only one or just a few employers, and do not have business names or listings.

6.  The intent of Plaintiff Mr. Pineda and Defendants. The parties' intent is always important. But the description the parties give to their relationship is not controlling. Substance governs over form.

You should consider all the circumstances surrounding the work relationship. An individual who performs services for pay may be either an employee or an independent contractor but cannot be both at the same time. While no single factor determines the outcome, the extent of the right to control the means and manner of the worker's performance is the most important factor.

## QUESTION NO. 1a

Has Plaintiff Mr. Pineda proved by a preponderance of the evidence that he was an employee of Defendant JTCH Apartments LLC during the relevant time period?

Answer "Yes" or "No"

_____*Yes*_____

Instruction: *Regardless of whether you answer "Yes" or "No," proceed to the next question.*

## QUESTION NO. 1b

Has Plaintiff Mr. Pineda proved by a preponderance of the evidence that he was an employee of Defendant Simona Vizireanu during the relevant time period?

Answer "Yes" or "No"

_____*Yes*_____

Instruction:

*If you answer "Yes" to either Question 1a or Question 1b, you have found that Plaintiff Mr. Pineda has proved this element of his overtime claim. Therefore, proceed to the next subsection of these instructions.*

*However, if you answer "No" to both Question 1a and Question 1b, you have found that Plaintiff Mr. Pineda has not proved this element of his overtime claim. Therefore, skip to Section VI of these instructions and do NOT answer Questions Nos. 2-4.*

**B.**    *Element 2: Determining whether Plaintiff Mr. Pineda was engaged in commerce or whether JTCH Apartments LLC was an enterprise engaged in commerce*

Plaintiff Mr. Pineda must prove by a preponderance of the evidence either:

(a) that he was an employee engaged in commerce or in the production of goods for commerce; **OR**

(b) that he was employed by an enterprise engaged in commerce or in the production of goods for commerce.

The term "commerce" has a very broad meaning. It includes any trade, transportation, transmission, or communication among the several states, or between any state and any place outside that state.

Plaintiff Mr. Pineda was engaged in the "production of goods" if he was employed in the producing, manufacturing, mining, handling, or transporting of goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods.

JTCH Apartments LLC is an "enterprise engaged in commerce or the production of goods for commerce" if it has at least two employees engaged in commerce or the production of goods for commerce and has annual gross sales of at least $500,000.00.

You must find that Plaintiff Mr. Pineda has satisfied his burden of proving this element if you find that he **either** (a) was an employee engaged in commerce or in the production of goods for commerce **or** (b) was employed by an enterprise engaged in commerce or in the production of goods for commerce.

## QUESTION NO. 2a

Has Plaintiff Mr. Pineda proved by a preponderance of the evidence that he was engaged in commerce or in the production of goods for commerce?

Answer "Yes" or "No."

_____ *Yes* _____

Instruction: *Regardless of whether you answer "Yes" or "No," proceed to the next question.*

## QUESTION NO. 2b

Has Plaintiff Mr. Pineda proved by a preponderance of the evidence that he was employed by an enterprise engaged in commerce or in the production of goods for commerce?

Answer "Yes" or "No."

_____ *Yes* _____

Instruction:

*If you answer "Yes" to either Question 2a or Question 2b, you have found that Plaintiff Mr. Pineda has proved this element of his overtime claim. Therefore, proceed to the next subsection of these instructions.*

*However, if you answer "No" to both Question 2a and Question 2b, you have found that Plaintiff Mr. Pineda has not proved this element of his overtime claim. Therefore, skip to Section VI of these instructions and do NOT answer Questions Nos. 3-4.*

- 12 -

**C.      *Element 3: Determining whether Defendants failed to pay Plaintiff Mr. Pineda overtime***

Plaintiff Mr. Pineda must prove by a preponderance of the evidence that Defendants failed to pay him overtime pay required by law.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for the "hours worked" over 40 hours in a "workweek." A "workweek" is a regularly recurring period of seven days or 168 hours. "Work" includes physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and her business. If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time he worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

### 1.      Determining the number of "hours worked"

It is the Plaintiff's burden to demonstrate, from a preponderance of the evidence, the amount and extent of unpaid overtime hours worked.

The parties have stipulated, for each week during the relevant time period, the number of hours Plaintiff Mr. Pineda worked and any hours over 40 that he worked during each respective week.

### 2.      Determining the "regular rate" of pay

An employee's "regular rate" for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. If the employee is employed solely at a single hourly rate, the hourly rate is his "regular rate."

### 3.   Determining overtime pay

To calculate how much overtime pay Plaintiff Mr. Pineda should have earned in a particular week, multiply his regular rate of pay by one-and-one-half times the regular rate of all hours worked over 40 in that week. **In making this determination, you may not consider any rent rebate Plaintiffs may have received from Defendants.**

## QUESTION NO. 3

Has Plaintiff Mr. Pineda proved by a preponderance of the evidence that Defendants JTCH Apartments LLC and/or Simona Vizireanu failed to pay him one and one-half times his regular rate of pay for hours worked over 40 during any 7-day workweek?

Answer "Yes" or "No."

_Yes_

*Instruction: Regardless of whether you answer "Yes" or "No," proceed to the next section of these instructions.*

## V.    DAMAGES FOR PLAINTIFF MR. PINEDA'S UNPAID OVERTIME HOURS

If you find that Plaintiff Mr. Pineda has established his claim for overtime wages, you must next determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Mr. Pineda has proved liability.

Under the FLSA, the Court may award Plaintiff backpay for any overtime compensation he should have been paid by Defendant. To aid in this determination, you must decide how many overtime hours, if any, the Plaintiff has shown he worked without receiving time-and-a-half compensation.

The amount of damages is the difference between the amount Plaintiff Mr. Pineda should have been paid and the amount he was actually paid. **When determining the amount of damages, you may not consider any rent rebate Plaintiffs may have received from Defendants.**

It is the Plaintiff's burden to demonstrate, from a preponderance of the evidence, the amount and extent of unpaid overtime hours worked.

As you may recall, the parties have stipulated, for each week during the relevant time period, the number of hours Plaintiff Mr. Pineda worked and any hours over 40 that he worked during each respective week.

## QUESTION NO. 4

What sum of money would fairly and reasonably compensate Plaintiff Mr. Pineda for any unpaid overtime hours he worked while employed by Defendants? Plaintiff Mr. Pineda must prove this amount by a preponderance of the evidence. Answer in dollars and cents.

Answer: $1,426.50

*Instruction: Proceed to the next section of these instructions.*

## VI. PLAINTIFF MR. PINEDA'S FLSA RETALIATION CLAIM

Plaintiffs Santiago Pineda and Maria Pena claim that Defendants JTCH Apartments LLC and/or Simona Vizireanu retaliated against them by issuing them a notice to vacate because Plaintiff Mr. Pineda took steps to enforce his lawful rights under the FLSA by filing a complaint for overtime wages. Defendants claim that the notice to vacate was not issued because of Plaintiff Mr. Pineda's complaint for overtime wages.

The FLSA makes it unlawful for any person to discharge or in any other way discriminate against any employee because this employee filed a complaint or instituted or caused to be instituted any proceeding for overtime wages. You must consider this claim even if you have already found that Defendants are not liable for unpaid overtime wages in Section IV of these instructions. In considering this claim, you may only examine actions taken against Plaintiff Mr. Pineda, the individual who filed the complaint for an FLSA overtime violation in this case.

To succeed on this claim, Plaintiff Mr. Pineda must prove each of the following facts by a preponderance of the evidence:

1.  Plaintiff Mr. Pineda engaged in a protected activity by filing a complaint or instituting or causing to be instituted any proceeding to assert his rights under the FLSA;

2.  Defendants JTCH Apartments LLC and/or Simona Vizireanu took an adverse employment action against Plaintiff Mr. Pineda by discharging him or otherwise discriminating against him; and

3.  Defendants JTCH Apartments LLC and/or Simona Vizireanu would not have taken the adverse action against Plaintiff Mr. Pineda but for his filing of a complaint under the FLSA.

**A.** *Element 1: Determining whether Plaintiff Mr. Pineda engaged in protected activity*

The first element is not in dispute, as the parties agree that Plaintiff Mr. Pineda filed a claim for overtime wages under the FLSA against Defendants on February 4, 2013. Therefore, you must treat this fact as having been proven.

**B.** *Element 2: Determining whether Defendants JTCH Apartments LLC and/or Simona Vizireanu took an adverse employment action against Plaintiff Mr. Pineda*

Plaintiff Mr. Pineda must prove by a preponderance of the evidence that Defendants JTCH Apartments LLC and/or Simona Vizireanu took an adverse employment action against him.

An adverse employment action is one which may have dissuaded a reasonable worker from asserting his rights under the FLSA. In a retaliation claim, the definition of an adverse employment action is not limited to actions that affect the terms and conditions of employment but rather extends beyond workplace-related or employment-related retaliatory acts and harm.

## QUESTION NO. 5

Has Plaintiff Mr. Pineda proved by a preponderance of the evidence that Defendants JTCH

Apartments LLC and/or Simona Vizireanu took an adverse employment action against him?

Answer "Yes" or "No."

_____Yes_____

Instruction: If you answer "Yes," proceed to the next subsection of these instructions. If you answer "No,"

skip to Section VIII of these instructions and do NOT answer Questions Nos. 6-7.

C.     *Element 3: Determining whether Defendants JTCH Apartments LLC and/or Simona Vizireanu took an adverse employment action against Plaintiff Mr. Pineda because of his FLSA complaint*

Plaintiff Mr. Pineda must prove by a preponderance of the evidence that Defendants JTCH Apartments LLC and/or Simona Vizireanu would not have taken the adverse employment action against him but for his filing of an overtime complaint under the FLSA. The Plaintiff does not have to prove that his filing of an FLSA complaint is the only reason Defendants issued him a notice to vacate. But Plaintiff must prove that he would not have received a notice to vacate had he not filed an FLSA complaint.

If you find that Defendants JTCH Apartments LLC and/or Simona Vizireanu would not have issued a notice to vacate to Plaintiff Mr. Pineda but for his filing of an FLSA complaint, you must find in favor of Plaintiff Mr. Pineda on his FLSA retaliation claim.

## QUESTION NO. 6

Has Plaintiff Mr. Pineda proved by a preponderance of the evidence that Defendants JTCH Apartments LLC and/or Simona Vizireanu retaliated against him because he filed an FLSA complaint?

Answer "Yes" or "No."

_Yes_

*Instruction: If you answer "Yes," proceed to the next subsection of these instructions. If you answer "No," skip to Section VIII of these instructions and do NOT answer Question No. 7.*

## VII.    DAMAGES FOR PLAINTIFF MR. PINEDA'S FLSA RETALIATION CLAIM

If you find that Defendants violated the FLSA by unlawfully retaliating against Plaintiff Mr. Pineda, then you must determine the amount of damages that Defendants' retaliation has caused Plaintiff Mr. Pineda. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Mr. Pineda has proved his claim for FLSA retaliation.

In determining damages, it is Plaintiff Mr. Pineda's burden to establish by a preponderance of the evidence the amount of damages to which he is entitled, if any. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff Mr. Pineda need not prove the amount of his harm with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

When determining the amount of damages, you may not award Plaintiff Mr. Pineda damages for emotional distress. You may also not award Plaintiff Mr. Pineda punitive damages, which are damages exceeding simple compensation, awarded to punish the Defendants.

Therefore, if you find that Plaintiff Mr. Pineda is entitled to damages, you should consider the following elements of damages and no others: the economic loss, including back pay and fringe benefits, that Plaintiff Mr. Pineda would have received from Defendants had they not unlawfully retaliated against him.

## QUESTION NO. 7

What amount of money, if any, would compensate Plaintiff Mr. Pineda for damages caused by Defendants' retaliation against him? Plaintiff Mr. Pineda must prove this amount by a preponderance of the evidence. Answer in dollars and cents.

Answer: $3,775. 50

## VIII.    INSTRUCTIONS ON DELIBERATIONS

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your questions and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

SIGNED February _13th_, 2015

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

## VERDICT OF THE JURY

We, the jury, have answered the foregoing questions in the manner indicated in this verdict form, and returned these answers into Court as our verdict.

DATE _02-17-2015_

_Velma Balbuu_

**FOREPERSON**