UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SANTIAGO PINEDA, all others** § <br> similarly situated under § <br> 29 U.S.C. 216 (b), and MARIA PENA § <br> **Plaintiffs,** § <br> § <br> **v.** § <br> § <br> **JTCH APARTMENTS, LLC** § <br> **and SIMONA VIZIREANU,** § <br> **Defendants.** § | Cause No. **3:13-cv-00588-B** |

**PLAINTIFFS' MOTION FOR
IMPOSITION OF LIQUIDATED DAMAGES AND ENTRY OF JUDGMENT**

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs, Santiago Pineda ("Pineda") and Maria Pena ("Pena") (collectively, "Plaintiffs") request entry of an order granting the above-described motion and as grounds state:

**INTRODUCTION**

1. Following trial, against Defendants JTCH Apartments, LLC ("JTCH") and Simona Vizireanu ("Vizirieanu") (collectively, "Defendants") the Jury rendered a Verdict dated February 17, 2015 for Plaintiff Pineda regarding his overtime and retaliation claims. (**DE 89**). Thus, Plaintiff Pineda is a prevailing party under 29 U.S.C. § 216(b) of the Fair Labor Standards Act (the "FLSA") as to such overtime and retaliation claims.

2. The Verdict awards damages as follows: $1,426.50 in damages for unpaid overtime hours and $3,775.50 in damages for Defendants' retaliation against him for Plaintiff

Pineda. (**DE 89**) at p. 17 and p. 24. Following the Court's ruling during trial, Plaintiff Pena's retaliation claim was not submitted to the Jury for consideration.[1]

3. After the close of evidence, on February 13, 2015, the Court submitted the Court's Charge to the Jury. That Charge asked the Jury to determine whether each individual or entity is an employer. The Jury found that Plaintiff Pineda was employed by both JTCH and Vizireanu during the relevant time period. (**DE 89**) at p. 10. As Vizireanu was Plaintiff Pineda's employer, Vizireanu is liable for any unpaid overtime pay under the FLSA.

4. The Jury also found that Plaintiff Pineda "was engaged in commerce or in the production of goods for commerce" and that and Plaintiff Pineda "was employed by an enterprise engaged in commerce or in the production of goods for commerce" and that Defendants failed to pay Plaintiff Pineda overtime wages in violation of the applicable law. (**DE 89**) at pp. 12, 15.

5. For the reasons set forth below, the Jury's award of $1,426.50 for Plaintiff Pineda's unpaid overtime hours should be liquidated and doubled totaling **$2,853.00** ($1,426.50 in principal damages and an additional $1,426.50 in liquidated damages).

6. Further, for the reasons set forth below, the Defendants are jointly and severally liable for Plaintiff Pineda's damages, and Plaintiff Pineda moves the Court to enter Judgment against Defendants JTCH and Vizireanu, jointly and severally, in the principal sum of $1,426.50, liquidated damages in the sum of $1,426.50, damages for retaliation in the

---

1) Only Plaintiff Pineda's claim was presented to the jury. *See* JURY INSTRUCTIONS (**DE 89**). However, Plaintiff Pena's claims are inextricably intertwined with those of Plaintiff Pineda and in keeping with the style adopted by the Court in its Order of February 17, 2015 (**DE 88**), this motion is styled as the Plaintiffs' motion and will generally refer to Plaintiffs jointly. However, Plaintiffs jointly and Plaintiff Pena specifically, reserve their right to appeal the decision not to present Plaintiff Pena's claim to the jury and this motion is filed subject to and without waiving the objections Plaintiffs made during the trial proceedings, and nothing in this motion should be construed as a waiver of those objections and issues.

amount of $3,775.50, and post-judgment interest thereon at the rate allowed by law, together with Plaintiff Pineda's costs, attorney's fees and expenses in the sum that the Court awards by separate ruling on Plaintiffs' application for same.

## MEMORANDUM OF LAW

### Liquidated Damages

7. "Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages." Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008); *see also* Owens v. Marstek, LLC, 548 F. App'x 966, 972 (5th Cir. 2013). Pursuant to 29 U.S.C. § 260, a Court may decline to award liquidated damages, but only if an employer shows to the satisfaction of the Court that the failure to pay a plaintiff overtime wages was done in both good faith and that the employer had a reasonable basis for believing that his failure to pay overtime wages was not in violation of the FLSA. Lee v. Coahoma County, Miss., 937 F.2d 220, 226-227 (5th Cir. 1991); Black v. SettlePou, P.C., 732 F.3d 492, 501 (5th Cir. 2013) (quoting Singer v. City of Waco, Tex., 324 F.3d 813, 822 (5th Cir. 2003)).

8. The FLSA makes doubling of a wage award mandatory under the statute absent a showing of good faith. *See*, Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464 (5th Cir. 1979). The Court in Barcellona followed the rule that an employer who seeks to avoid liquidated damages bears the burden of proving that its violation was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict. Barcellona, 597 F.2d at 468. Furthermore, in Leach. v. Johnston, 812 F. Supp. 1198 (M.D. Fla. 1992) the Court held that good faith

entails a duty to affirmatively investigate whether non-payment of overtime is in violation of the Fair Labor Standards Act. Leach, 812 F. Supp at 1214.

9. "An employer who violates the FLSA's overtime provision carries the burden of proving its entitlement to the safe harbor. Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir.1987). To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith. Dybach, 942 F.2d at 1566–67." Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008); *see also* Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999); Trinity Carton Co. v. Falstaff Brewing Corp., 767 F.2d 184, 194 (5th Cir. 1985).

10. Although the Fifth Circuit of Appeals has not directly addressed the issue whether good faith is an affirmative defense under the FLSA, District Courts in Texas and its sister states of Mississippi and Louisiana in the Fifth Circuit have consistently held and recognized good faith as an affirmative defense. "The FLSA provides an affirmative defense to employers regarding the payment of liquidated damages:

> In any action … to recover … unpaid overtime compensation, or liquidated damages, under the [FLSA] …, if the employer shows to the satisfaction of the court that the act or omission give rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] …, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

Barfield v. Madison County, Miss., 984 F.Supp. 491, 508 (S.D. Miss. 1997); Camp v. Progressive Corp., 2004 WL 2149079, at *14 (E.D. La. 2004) ("The FLSA also provides an affirmative defense to the imposition of liquidated damages when the employer can prove that it acted in good faith and with reasonable grounds for believe it was not violating the FLSA." (citing 29 U.S.C. §260); *see also* Wherley v. Schellsmidt, et al.,

2013 WL 5744335, at *1 (N.D. Tex. 2013) (Fitzwater, J.) (ruling during summary judgment stage whether "defendants' affirmative defense of good faith lacks merit"); Hernandez, et al. v. Texas Zorro's, LLC, et al, 2011 WL 3608458, at *1 (S.D. Tex. 2011) (the parties disputed whether defendants had "proven their affirmative defense of good faith with respect to liquidated damages"); Metcalfe v. Revention, Inc., 2012 WL 3930319, at *8 (S.D. Tex. 2012) (Plaintiffs "seek summary judgment on Defendants' affirmative defense of good faith").

11. The law in the Fifth Circuit is clear that "[t]he Federal Rules require an affirmative defense to be pleaded; failure to plead such a defense constitutes waiver." Woodfield, 193 F. 3d at 362; Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C., 2013 WL 5701065, at *5 (5th Cir. 2013) ("The failure to plead an affirmative defense generally results in waiver of that defense").

12. Defendants have never pled good faith as an affirmative defense in this case and have thus waived the defense of good faith, making the imposition of liquidated damages mandatory as discussed above. *See* ANSWER (**DE 13**). Plaintiffs will nonetheless address the elements of subjective and objective good faith.

Subjective Good Faith

13. "Subjective good faith is satisfied when the employer shows it possessed "an honest intention to ascertain what [the FLSA] requires and to act in accordance with it." Dybach, 942 F.2d at 1566 (citations omitted)." Arias v. Alpine Towing, Inc., 2011 WL 1233229 (S.D. Fla. Mar. 30, 2011). As the Court stated in Arias, "[t]he standard set forth in Dybach requires a showing of intention to ascertain the law, not just an honest belief that the defendants acted in accordance with the law. *Dybach,* 942 F.2d at 1566." Arias v.

Alpine Towing, Inc., 2011 WL 1233229 (S.D. Fla. Mar. 30, 2011).  During trial, Defendants presented no evidence that they attempted to ascertain whether or not they were in compliance with the Fair Labor Standards Act or if they were correct to classify Plaintiff Pineda as an independent contractor rather than an employee.  To the contrary, to the best of undersigned counsel's recollection, the evidence shows that the Defendants knew of the minimum wage and overtime laws and the FLSA's requirements for years before this lawsuit was filed and failed to comply.  Defendants testified that they knew of the minimum wage and overtime laws and despite that, paid Plaintiff Pineda on a strictly straight-time basis with no consideration for overtime hours worked by Plaintiff Pineda.  As a result, Defendants have failed to meet the subjective good faith standard and liquidated damages must be awarded.

Objective Good Faith

14. Even if the Court were to find that Defendants acted with subjective good faith, Defendants must still demonstrate that they acted with objective good faith. *See* Dybach, 942 F.2d at 1567. This standard is satisfied if the employer had reasonable grounds for believing that its conduct comported with the FLSA and took affirmative steps to investigate and ensure that the payment of wages was in conformity with the federal wage laws. Id.  In this case even if there were reasonable grounds to believe that Plaintiff Pineda was exempt from overtime under the FLSA, the law requires that the defendants show what actions they took to ascertain this belief. *See* Barcellona v. Tiffany English Pub, 579 F.2d 464, 469 (5th Cir. 1979) (explaining that good faith "requires some duty to investigate potential liability under the FLSA") (citation omitted). The Defendants have failed to make this showing.  Defendants failed to demonstrate what

affirmative steps they took to ascertain whether their belief that Plaintiff Pineda was being paid in compliance with the FLSA was correct. Defendants may argue, as they did at trial, that they thought Plaintiff Pineda was an independent contractor. However, Defendants did not present evidence at trial as to what steps they took to investigate whether or not their mistaken classification of Plaintiff Pineda as an independent contractor was proper under the law. As a result, even if the Court considers the unpled affirmative defense of good faith, Defendants have failed to meet the objective good faith standard and liquidated damages must be awarded.

## Joint and Several Liability

15. Defendant Vizireanu, as Plaintiff Pineda's employer under the FLSA, is also liable, jointly and severally with Defendant JTCH, for Plaintiff Pineda's damages. The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The term "employer" ought to be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g.,* Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2nd Cir. 1999); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991) (citing McLaughlin v. Seafood, Inc., 867 F.2d 875, 877 (5th Cir. 1989)); Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1983); Falk v. Brennan, 414 U.S. 190, 195 (1973).

16. Further, multiple employers may be responsible for compliance with the FLSA within one business organization. *See*, Elliott Travel & Tours, Inc., 942 F.2d at 965; Agnew, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." Figueroa v. America's Custom Brokers, Inc., 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999) (citing Patel v. Wargo,

803 F.2d 632, 638 (11th Cir. 1986)). The Fifth Circuit recognizes that "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Donvan v. Grim Hotel Co., 747 F.2d 966, 972 (5th Cir. 1984) (quoting Agnew, 712 F.2d at 1511).

17. Financial control over a corporation is a significant factor in determining "employer" status. *See*, Elliot Travel & Tours, 942 F.2d 966 (6th Cir. 1991); Donovan v. Grim Hotel Co., 747 F.2d 966, 972 (5th Cir. 1984) (imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); Donovan v. Sabine Irrigation Co., Inc., 695 F.2d 190, 193-95 (5th Cir. 1983) (liability for controlling finances and dominating the administration); Dole v. Simpson, 784 F. Supp. 538, 545-47 (S.D. Ind. 1991).

18. Personal liability may also arise from significant ownership interest coupled with operational control. *See,* Agnew, 712 F.2d at 1514. Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control. Herman, 172 F.3d at 139 (quoting Donovan v. Janitorial Servs, Inc., 672 F.2d 528, 531 (5th Cir. 1982)). *See also* Olivas v. A Little Havana Check Cash, Inc., 324 Fed. App'x. 839, 846 (11th Cir. 2009).

19. In this case the evidence introduced at trial established that Defendant Vizireanu owned and managed Defendant JTCH and was ultimately responsible for its day to day operations. Defendant Vizireanu also had the authority to hire and fire employees of Defendant JTCH, authorized Plaintiff Pineda's employment, authorized his wages and

authorized the amounts paid him. Defendant Vizireanu was the "top person" in charge of Defendant JTCH and controlled its purse strings.

20. In this case the Jury correctly determined that Defendant Vizireanu had operational control over the employees within Defendant JTCH and was Plaintiff Pineda's employer as defined by the FLSA. *See* Agnew, 712 F.2d at 1514; Donovan v. Grim Hotel Co., 747 F.2d at 972; Martin v. Spring Break '83 Productions, L.L.C., 688 F.3d 247, 251-53 (5th Cir. 2012). As an employer, Defendant Vizireanu is jointly and severally liable with Defendant JTCH for Plaintiff Pineda's damages. *See* Patel, 803 F.2d at 637-38 (quoting Agnew, 712 F.2d at 1511-13).

## PRAYER

Wherefore Plaintiffs request that this Court liquidate the jury's award to Plaintiff Pineda and enter Judgment against Defendants JTCH and Vizireanu, jointly and severally, in the principal sum of $1,426.50 for unpaid overtime, liquidated damages in the sum of $1,426.50, $3,775.50 for retaliation, and post-judgment interest thereon at the rate allowed by law, together with Plaintiffs' costs, attorney's fees and expenses in the sum that the Court awards by separate ruling on Plaintiffs' application for same.

                Respectfully submitted,

By:   /s/ Joshua A. Petersen
       J.H. Zidell
       State Bar No. 24071840
       Email: zabogado@aol.com
       Robert L. Manteuffel
       State Bar No. 12957529
       Email: rlmanteuffel@sbcglobal.net
       Joshua A. Petersen
       State Bar No. 24085524
       Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:   972-386-7610

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that undersigned counsel conferred with Counsel for the Defendants, Nadine King-Mays, on March 16, 2015 with regard to the relief sought in this Motion and Defendants oppose the Motion.

/s/ Robert L. Manteuffel
Robert L. Manteuffel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 19th day of March, 2015.

/s/ Joshua A. Petersen
Joshua A. Petersen
Counsel for the Plaintiff(s)