UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANTIAGO PINEDA and all others similarly situated under 29 U.S.C. 216(B), and MARIA PENA, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:13-CV-0588-B |
| JTCH APARTMENTS, LLC and SIMONA VIZIREANU, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Rule 59 Motion to Alter or Amend Judgment and to Reurge Defendants' Rule 50 Motion for Judgment as a Matter of Law (doc. 95), filed by Defendants JTCH Apartments, LLC and Simona Vizireanu on March 17, 2015. For the reasons stated below, the Motion is **DENIED**.

## I.

## BACKGROUND

This is an action for overtime wages and retaliation brought under the FLSA by Plaintiff Santiago Pineda,[1] a maintenance worker employed by an apartment complex owned by Defendant JTCH Apartments, LLC ("JTCH"). Defendant Simona Vizireanu ("Vizireanu"), in turn, owned and

---

[1] Although this case was originally filed by Plaintiffs Santiago Pineda and his wife Maria Pena, only Plaintiff Pineda's claims were presented to the jury. *See* doc. 89, Jury Instructions. Moreover, Defendant's motion does not present issues pertaining to Plaintiff Maria Pena. Accordingly, the Court only discusses the post-verdict matters as they relate to Plaintiff Santiago Pineda.

managed Defendant JTCH. Plaintiff performed maintenance and repair work for the JTCH apartments, where he also resided with his family.

At trial, Plaintiff claimed that he was not paid for the overtime hours he worked, in violation of the FLSA, 29 U.S.C. § 207(a)(1). In addition, he claimed that Defendants retaliated against him in violation of the FLSA, 29 U.S.C. § 215(a)(3), for demanding his unpaid overtime wages. Specifically, Plaintiff claimed that Defendants retaliated against him by issuing him a notice to vacate his apartment and requiring him to make certain payments.

On February 17, 2015, the jury, after hearing all the evidence presented at trial, returned a verdict in favor of Plaintiff. *See* doc. 90, Jury Verdict. In doing so, the jury made a number of findings. First, the jury found that Plaintiff proved by a preponderance of the evidence that he was an employee of both Defendants JTCH and Vizireanu during the relevant time period. *Id.* at 10. Second, the jury concluded that Plaintiff was engaged in commerce or in the production of goods for commerce, and that he was employed by an enterprise which, in turn, employed individuals engaged in such activity. *Id.* at 12. Third, the jury determined that Defendant JTCH and/or Defendant Vizireanu failed to pay Plaintiff his overtime wages, equivalent to one and one-half times his regular rate of pay for hours worked over forty during any seven-day workweek. *Id.* at 15. The jury thus concluded that damages in the amount of $1,426.50 would fairly and reasonably compensate Plaintiff for any unpaid overtime hours he worked while employed by Defendants. *Id.* at 17. With respect to the retaliation claim, the jury found that Defendant JTCH and/or Defendant Vizireanu took an adverse employment action against Plaintiff and retaliated against him because he filed an FLSA complaint. *Id.* at 20, 22. The jury determined that the sum of $3,775.50 would compensate Plaintiff for the damages caused by Defendants' retaliation against him. *Id.* at 24.

On March 17, 2015, Defendants filed the present Rule 59 Motion to Alter or Amend Judgment and to Reurge Defendants' Rule 50 Motion for Judgment as a Matter of Law (doc. 95) following the jury verdict in favor of Plaintiff, but prior to the Court's entry of judgment in this case. Plaintiff submitted his response to the Motion (doc. 99) on April 7, 2015, to which Defendants have not replied. As such, the Motion is ripe for the Court's review.

As a preliminary matter, the Court notes that Defendants filed this Motion prior to the entry of judgment. Accordingly, to the extent they seek to alter or amend judgment, such motion is premature. Nevertheless, the Court will construe the Motion under Rule 59(a), which provides that a new trial may be granted if the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed. *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991). Additionally, Defendants reurge their prior Rule 50 Motion, which the Court therefore also considers.

## II.

## LEGAL STANDARDS

A.      *Rule 50(b)*

Rule 50(b) of the Federal Rules of Civil Procedure allows a party to file a renewed motion for judgment as a matter of law following the entry of judgment. Fed. R. Civ. P. 50(b). Such motions "should be granted if the evidence is legally insufficient, such that 'the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict.'" *Abraham & Veneklasen Joint Venture v. Am. Quarter Horse Ass'n*, 776 F.3d 321, 327 (5th Cir. 2015) (quoting *Boeing v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 336 (5th Cir.

1997) (en banc)). In reviewing a Rule 50(b) motion, "facts are viewed, and inferences made, in the light most favorable to the nonmovant." *X Technologies, Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406, 411 (5th Cir. 2013) (citing *Arthur J. Gallagher & Co. v. Babcock*, 703 F.3d 284, 293 (5th Cir. 2012)).

B.      *Rule 59(a)*

        Rule 59(a) of the Federal Rules of Civil Procedure allows a party to move for a new trial. Fed. R. Civ. P. 59(a). New trials may be granted if the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed. *Seidman*, 923 F.2d at 1140; *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612 (5th Cir. 1985). Courts are to decide whether to grant a new trial based on their assessment of the fairness of the trial and the reliability of the jury's verdict. *Seidman*, 923 F.2d at 1140. This places "'[t]he decision to grant or deny a motion for a new trial . . . within the sound discretion of the trial court.'" *Foradori v. Harris*, 523 F.3d 477, 504 (5th Cir. 2008) (quoting *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982)). This discretion is even broader when the trial court denies, rather than grants, such a motion. *See Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005) ("Where a motion for a new trial is granted, we scrutinize that decision more closely.").

        One ground for granting a new trial is upon a finding that "the jury verdict was against the great weight of the evidence." *Id.* (citing *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989)). Under this standard, "the jury's verdict must be 'against the great—not merely the greater—weight of the evidence.'" *Scott*, 868 F.2d at 789 (quoting *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 362–63 (5th Cir. 1980)). "[M]ere conflicting evidence or evidence that would support a different conclusion by the jury cannot serve as the grounds for granting a new trial." *Islander E.*

*Rental Program v. Barfield*, 145 F.3d 359 (5th Cir. 1998) (citing *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992)).

C.      *The Fair Labor Standards Act*

The FLSA was passed in 1938 in an effort "to 'protect all covered workers from substandard wages and oppressive working hours.'" *Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 581 (5th Cir. 2013) (quoting *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981)). Given its remedial purposes, courts generally "construe the FLSA liberally in favor of employees." *McGavock v. City of Water Valley, Miss.*, 452 F.3d 423, 424 (5th Cir. 2006) (citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)).

Among its protections, the FLSA requires that employers pay employees "at a rate not less than one and one-half times the regular rate" of pay for any hours the employees work in excess of forty during the workweek. 29 U.S.C. § 207(a)(1). To enforce this rule, the FLSA "gives employees the right to bring a private cause of action on their own behalf and on behalf of 'other employees similarly situated.'" *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013) (citing 29 U.S.C. § 216(b)). Employees who successfully assert a private cause of action for unpaid overtime wages under the FLSA are entitled to collect damages from their employers "in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

In addition, the FLSA prohibits employers from retaliating against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA] . . . ." *Id.* § 215(a)(3).

## III.

## ANALYSIS

In their Rule 59 Motion to Alter or Amend Judgment and to Reurge Defendants' Rule 50 Motion for Judgment as a Matter of Law, Defendants fail to clearly assert their reasons for requesting a new trial or judgment as a matter of law. The only discernible issues for the Court to consider are: (1) challenges to Plaintiff's coverage under the FLSA and the Court's subject matter jurisdiction; and (2) whether the reductions in rent Plaintiff received from Defendants should have been accounted for when determining the amount of overtime back-pay owed.

In the remainder of their Motion, Defendants present a litany of factual allegations in an apparent attempt to undermine the sufficiency of the evidence presented. Doc. 95, Defs.' Mot. 1–9. In making most of these sweeping statements, Defendants do not reference evidence presented at trial or point to authority in support, nor do they explain why the evidence presented was insufficient. Such baseless attacks on the jury's verdict find no support in the record or in the law, and thus fail to indicate an insufficiency of the evidence on any matter. To the extent Defendants base their requests for relief on these vague and unsupported arguments, such requests must be denied. Moreover, Defendants raise no issues that could suggest that damages were excessive, or that any unfairness or prejudicial error was committed during trial.

The Court thus turns to the Defendants' challenges to Plaintiff's coverage under the FLSA and the Court's subject matter jurisdiction and to their position on the issue of rent reductions. As Defendants do not indicate the specific relief that each argument is to entail, the Court examines whether relief is warranted under either Rule 50 or 59.

A.    *Plaintiff's Coverage under the FLSA and the Court's Subject Matter Jurisdiction*

Defendants argue that there is insufficient evidence to support the jury's finding that there is coverage under the FLSA—an element of a claim for overtime wages under the statute. Defs.' Mot. 10–16. "*Either* individual or enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)). Individual coverage requires that the employee was engaged in commerce or in the production of goods for commerce, which can be determined by inquiring "whether the work is so directly and vitally related to the functioning or an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated local activity." *Williams v. Henagan,* 595 F.3d 610, 621 (5th Cir. 2010) (citing *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)). "The Supreme Court has also explained that the test is whether 'the employee's activities . . . are actually in or so closely related to the movement of the commerce as to be a part of it.'" *Mendoza v. Detail Solutions, LLC.,* 911 F. Supp. 2d 433, 439 (N.D. Tex. 2012) (quoting *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)).

Enterprise coverage, in turn, requires that the employer was "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a). An "enterprise that engages in commerce or in the production of goods for commerce" is an enterprise: (i) that has employees engaged in commerce or in the production of goods for commerce; or (ii) that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. *Id.* § 203(s)(1)(A). In addition, at the time relevant to the case, the enterprise must have had an annual gross volume of sales made or business done that is not less than $500,000, exclusive of certain taxes. *Id.*

In challenging the sufficiency of the evidence on this issue, Defendants point to allegations included in Plaintiff's Complaint and to a Magistrate Judge's prior order on a discovery matter in this case. Defs.' Mot. 10, 13. Although Defendants attack Plaintiff's connection to interstate commerce, they have failed to demonstrate that, based on the evidence presented at trial regarding Plaintiff's work and Defendants' reliance on interstate communication in the pursuit of their operations, there is neither individual nor enterprise coverage under the FLSA. Thus, the Court concludes that Defendants have not established that the evidence is legally insufficient to support the jury's findings on this matter. The Court therefore declines to enter judgment as a matter of law in favor of Defendants or grant their motion for new trial on this basis.

In addition, to the extent Defendants attempt to revive the argument—which the Court has rejected on numerous occasions—that lack of coverage under the FLSA strips the Court of subject matter jurisdiction, any request based on such a contention must be denied. First, Defendants have not established the insufficiency of the evidence on the issue of coverage. Second, coverage under the FLSA is not a jurisdictional prerequisite, but is rather an element of Plaintiff's FLSA claim. *See Lopez-Santiago v. Coconut Thai Grill*, No. 3:13-CV-4268-D, 2014 WL 840052, at *3 (N.D. Tex. Mar. 4, 2014) (concluding that "the court must treat enterprise coverage as an element of plaintiffs' claim rather than a jurisdictional prerequisite"); *Morrow v. J W Electric, Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051, at *1 (N.D. Tex. Nov. 16, 2011) ("The court's subject matter jurisdiction does not turn on whether [plaintiff] has alleged facts that demonstrate coverage under FLSA but on whether his well-pleaded complaint asserts a federal-question cause of action.").

Accordingly, Defendants' requests for relief based on the issue of coverage under the FLSA are **DENIED**.

B.      *Reductions in Rent*

Defendants again raise the issue of rent reductions, which was already discussed prior to and during trial. Defs.' Mot. 5. They note that they provided Plaintiff with a reduction in the rent he paid while residing and working at the JTCH apartments. *Id.* Thus, Defendants appear to argue that these rent rebates extinguished any overtime wages owed. *Id.*

Contrary to Defendants' assertion, while credit for housing and lodging can, under limited circumstances, be computed as part of an employee's wages, it "cannot simply be used as a free standing credit for overtime to be invoked at will whenever Plaintiff happens to work more than 40 hours." *Estanislau v. Manchester Developers, LLC*, 316 F. Supp. 2d 104, 108 (D. Conn. 2004) (citing *Keun-Jae Moon v. Joon Gab Kwon*, 248 F. Supp. 2d 201, 232–33 (S.D.N.Y. 2002)). Thus, in certain situations, an employee's wages may include "the reasonable cost, as determined by the Administrator, to the employer of furnishing such employee with board, lodging, or other facilities." 29 U.S.C. § 203(m)[2]. However, such reasonable cost of lodging can only be computed when determining the employee's regular rate of pay, such as when assessing whether the employee's regular rate comports with the FLSA's minimum wage requirements; it is not to be considered payment for overtime wages. *Walling v. Alaska Pac. Consol. Mining Co.*, 152 F.2d 812, 815 (9th Cir. 1945), *cert. denied*, 327 U.S. 803 (1946) (rejecting employer's argument that the cost of board and lodging can be included as part of the overtime compensation). As a result, even if Defendants had presented sufficient evidence establishing that the housing provided to Plaintiff should have been

---

[2] The regulations implementing 29 U.S.C. § 203(m) offer three methods of determining whether housing provided by the employer may be considered part of employees' "wages." *See* 29 C.F.R. § 531.33(a). Defendants have neither relied on these methods nor substantiated their assertions with the necessary records. *Reich v. Crockett*, 68 F.3d 469, *1–2 (5th Cir. 1995).

accounted for in some way, the cost of such housing would only increase Plaintiff's regular rate, and thereby increase the overtime wages owed to Plaintiff; it could not be used to automatically satisfy any debt for unpaid overtime hours Plaintiff worked. *See Mendoza v. Uptown Buffet, Inc.*, No. 09-22799, 2010 WL 3768052, at *3 (S.D. Fla. Sept. 16, 2010) (citing *Keun-Jae Moon*, 248 F. Supp. 2d 201, 232–33; 29 C.F.R. § 531.37(b)); *see also McLaughlin v. Quan*, No. 87-A-423, 1988 WL 62595, at *4 (D. Colo. June 17, 1988) ("As a general rule, lodging and board provided by an employer to an employee is properly considered a component of the employee's wages, such that the cost of these facilities must be added into the employee's regular rate for purposes of determining the proper overtime rate."). Based on the above, Defendants cannot rely on any reduction in rent to argue that they have fulfilled their obligation to pay the overtime wages owed to Plaintiff. Accordingly, Defendants' requests for relief based on the issue of rent reduction are **DENIED**.

As a final matter, the Court acknowledges the remaining issues Defendants attempt to raise—which include whether Defendants acted in good faith or whether they can be held jointly and severally liable—but it notes that these matters are either irrelevant or are more properly addressed in the briefing on Plaintiff's motions for attorney's fees, liquidated damages, and entry of judgment. Defs.' Mot. 3, 5–6, 17–21; *see* docs. 96, 97. Thus, to the extent Defendants' Motion is based on such inapplicable matters, their requests for relief must be **DENIED**.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Rule 59 Motion to Alter or Amend Judgment and to Reurge Defendants' Rule 50 Motion for Judgment as a Matter of Law. Doc. 95.

SO ORDERED.

SIGNED: August 26, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE