UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SANTIAGO PINEDA**, all others similarly situated under 29 U.S.C. 216 (b), and **MARIA PENA** Plaintiffs, <br><br> v. <br><br> **JTCH APARTMENTS, LLC** and **SIMONA VIZIREANU**, Defendants. | § § § § § § § § § § § § |

Cause No. 3:13-cv-00588-B

**PLAINTIFFS' FIRST SUPPLEMENTAL MOTION FOR
ATTORNEY'S FEES PURSUANT TO 29 U.S.C. § 216(b)**

COME NOW Plaintiffs, Santiago Pineda ("Pineda") and Maria Pena ("Pena") (collectively, "Plaintiffs"), by and through the undersigned counsel, and hereby file Plaintiffs' First Supplemental Motion for Attorney's Fees pursuant to 29 U.S.C. § 216(b) ("Supplemental Fee Motion"), and in support thereof state as follows:

## INTRODUCTION

1. This is an action for overtime wages brought under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 ("FLSA").

2. On February 17, 2015, after the Jury entered a verdict in favor of Plaintiffs,[1] the Court entered an Order requiring Plaintiffs to file their motions with respect to attorneys' fees and liquidated damages no later than March 19, 2015. (**DE 88**). On March 19, 2015, Plaintiffs filed their Motion for Attorney's Fees and Costs pursuant to 29 U.S.C. § 216(b) (hereinafter,

---

1) Only Plaintiff Pineda's claim was presented to the jury. *See* JURY INSTRUCTIONS (**DE 89**). However, Plaintiff Pena's claims are inextricably intertwined with those of Plaintiff Pineda. In keeping with the style adopted by the Court in its Order of February 17, 2015 (**DE 88**), this motion is styled as the Plaintiffs' motion and will generally refer to Plaintiffs jointly. Plaintiffs, jointly and Plaintiff Pena specifically, reserve their right to seek additional attorneys' fees in the event that further proceedings are necessary to determine the status of Plaintiff Pena's claim.

"First Fee Motion") pursuant to the Court's Order (**DE 88**) for recovery of their attorney's fees, costs and expenses incurred in this cause up to that date. *See* (**DE 96**) and attachments thereto.

3. On April 24, 2015, Plaintiffs filed an addendum to their First Fee Motion setting out costs incurred responding to filings made by Defendants after their First Fee Motion was filed. *See* (**DE 102**).

4. On August 27, 2015, after Plaintiffs' First Fee Motion was fully briefed, the Court entered an Order addressing Plaintiffs' First Fee Motion and the addendum thereto which awarded Plaintiffs' attorney's fees in the amount of $76,732.88 and costs in the amount of $7,947.33. (**DE 105**).

5. On September 24, 2015, Defendants filed their Post-judgment Rule 59 Motion to Alter or Amend Judgment and For New Trial and Brief in Support (hereinafter, "Second Rule 59 Motion")[2] wherein the Defendants requested that the Court alter or amend the jury's verdict to deny all of Plaintiffs' claims and order Plaintiffs to pay Defendants' attorney fees and Defendant Vizireanu's travel costs. (**DE 108**).

6. The relevant procedural history of the case leading up to the filing up Defendants' Second Rule 59 Motion is set out in detail in Plaintiffs' response thereto, filed on October 15, 2015, and in the interest of judicial economy is incorporated herein by reference. *See* (**DE 109**).

7. On October 16, 2015, the Court denied Defendants' Second Rule 59 Motion in its entirety by electronic order. (**DE 110**).

---

2) As set out in Plaintiffs' response to Defendants' Second Rule 59 Motion, Defendants previously filed their first Rule 59 motion to alter or amend judgment, which also included a renewed motion for judgment as a matter of law, on March 17, 2015 and filed a response to Plaintiffs' First Fee Motion on April 7, 2015. *See generally* (**DE 109**).

8. After the Court initially awarded fees on August 27, 2015, Plaintiffs necessarily incurred additional attorney's fees responding to Defendants' Second Rule 59 Motion and filing this Supplemental Fee Motion.

## BASIS OF THE AWARD

A prevailing Plaintiff is a "party in whose favor a judgment is rendered, regardless of the amount of damages awarded." Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 603 (2001). The Court has already found that Plaintiff Pineda was the prevailing party in the underlying case. *See* MEMORANDUM OPINION AND ORDER (**DE 105**). The Court denied Defendants' Second Rule 59 Motion in its entirety, reaffirming its earlier holding and making Plaintiff Pineda the prevailing party as to the issues raised in Defendants' Second Rule 59 Motion. *See* (**DE 110**). Pursuant to 29 U.S.C. § 216(b), having prevailed on his underlying FLSA claims and all issues raised in Defendants' Second Rule 59 Motion, Plaintiff Pineda is entitled to recover additional reasonable attorney fees and costs from the Defendants that were necessarily incurred responding to Defendants' Second Rule 59 Motion, as 29 U.S.C. § 216(b) makes the award of fees and costs to prevailing plaintiffs mandatory.[3] As Defendants oppose the relief sought herein as set out in the Certificate of Conference below, Plaintiffs also incurred additional fees drafting and filing this Supplemental Fee Motion.

This Court has already considered the issue of Plaintiff Pineda's attorney's fees once and found the rates charged by Plaintiff's attorneys at that time to be reasonable.[4] Plaintiffs were

---

3) "[T]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).
4) *See* MEMORANDUM OPINION AND ORDER, (**DE 105**). As set forth below, Plaintiffs' attorneys' hourly rates have increased since the filing of Plaintiffs' First Fee Motion.

required to incur additional attorney's fees responding to Defendants' Second Rule 59 Motion and preparing the present Supplemental Fee Motion.

The attorney's fees claimed by Plaintiffs are detailed in the Ledger attached as **Exhibit A.** Plaintiffs claim additional fees in this case totaling $3,744.00.

### ATTORNEY'S FEES

The attorney's fees sought in this case are based on 12.6 hours of work done by the following attorneys:

| Attorney | Initials On Billing Records | Hourly Rates[5] | Total Hours Worked On The Case | Total Fees |
|---|---|---|---|---|
| J.H. Zidell, Esq. | JZ | $390.00/hr. | 2 | **$780.00** |
| Robert Manteuffel, Esq. | RM | $390.00/hr. | 1.6 | **$624.00** |
| Joshua Petersen, Esq. | JAP | $260.00/hr. | 9.0 | **$2,340.00** |

The Court's own expertise is utilized to establish a reasonable fee and cost award in this case. Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The determination of reasonable attorneys' fees is left to the sound discretion of the trial court. *See* Weeks v. Southern Bell Telephone and Telegraph Co., 467 F.2d 95, 97 (5th Cir. 1972), and cases cited therein. No expert opinion evidence is required on the issue. *See* Matter of First Colonial Corp. of America, 544 F.2d 1291, 1300 (5th Cir. 1977). Courts use the "lodestar method" to assess attorneys' fees in FLSA suits. Saizan v. Delta Concrete Prods., Co., 448 F.3d 795, 799

---

[5] The hourly rates for Mr. Zidell, Mr. Manteuffel, and Mr. Petersen have increased since Plaintiffs' First Fee Motion was filed on March 19, 2015.

(5th Cir.2006).[6] The district court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney. Id. The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. Id.

The party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the factors setting out the attorney's qualifications and skill. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Court may also consider the factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974).  See Hilton v. Exec. Self Storage Assoc., 2009 WL 1750121 at *8 (S.D. Texas 2009).[7] After calculating the lodestar, the court must consider whether to adjust the fee upward or downward. Hilton, 2009 WL 1750121 at *8.

The most important factor to consider is the degree of success obtained. Id. In this case, Plaintiffs achieved complete success defending against Defendants' Second Rule 59 Motion. See (**DE 110**). Further, even if the claimed fees are not proportional to the amount recovered for Plaintiff, the fee award need not be precisely proportionate to the result obtained. See Saizan, 448 F.3d at 802-03 & n.42. This argument should have no bearing on the fees awarded to Plaintiff for this case.[8]

---

6) In the end, the test is whether or not "the district court has utilized the *Johnson* framework as the basis of its analysis, has not proceeded in a summary fashion, and has arrived at an amount that can be said to be just compensation." Cobb v. Miller, 818 F.2d 1227, 1232 (5th Cir. 1987).

7) "The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Id. at *8 n.5

8) See Davis v. Locke, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting Rivera, 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'"). "Given the nature of claims under The FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." Powell v. Carey Int'l., Inc., 547 F. Supp. 2d 1281, 1286 (S.D.Fla. 2008)

Moreover, while a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public." Hodgson v. Miller Brewing Co., 457 F.2d 221, 228-229 (7th Cir. 1972).

As the additional costs incurred by Plaintiffs in this matter stem from defending against the repetitious and successive Second Rule 59 Motion filed by Defendants and preparing this opposed motion to recover their statutory attorney's fees, Defendants cannot be heard to complain about those fees necessarily incurred by Plaintiffs in responding to Defendants' own Second Rule 59 Motion and preparing this motion. *See e.g.* Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 956 (E.D.Wis. 2003) (quoting City of Riverside v. Rivera, 477 U.S. 561, 580-581 n.11 (1986)).

The attorneys that performed work on this case are listed by initials on the fee ledger attached hereto as **Exhibit A**. "JZ" refers to J.H. Zidell, Esq. and "RM" refers to the undersigned Robert L. Manteuffel. The hourly rates claimed for these attorneys are $390/hr. for J.H. Zidell, Esq. and $390.00/hr. for Robert L. Manteuffel. "JAP" refers to Joshua A. Petersen; the hourly rate claimed for him is $260.00/hr.

This Court previously found that the rate of $350.00/hr. was reasonable for Mr. Zidell and Mr. Manteuffel and that the rate of $230.00/hr was reasonable for Mr. Petersen in this very case.[9] In the intervening months since Plaintiffs' First Fee Motion was filed, the rates charged by Mr. Zidell and Mr. Manteuffel have increased to $390.00/hr and the rate charged by Mr. Petersen has increased to $260.00/hr. In the event that the Court does not find these increased rates to be reasonable, Plaintiffs respectfully request that the Court continue to use the rates it

---

9) *See* MEMORANDUM OPINION AND ORDER, (**DE 105**); PLAINTIFFS' VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 29 U.S.C. § 216(B) (**DE 96**) and Exhibits A – N attached thereto.

previously found reasonable for these attorneys when the Court granted Plaintiffs' First Fee Motion. See (**DE 105** at p. 8). Therefore, the total fee that J.H. Zidell P.C. requests, $3,744.00, is an amount buttressed by analysis of the Johnson factors, as follows:

**(1)**   Time and Labor Required: additional time was required to fully respond to Defendants' Second Rule 59 Motion. As evidenced by Plaintiffs' response to Defendants' Second Rule 59 Motion, a significant portion of this time was necessary to cross-reference Defendants' Second Rule 59 Motion against the various motions that Defendants have previously filed in this case that addressed substantially the same issues. *See generally* (**DE 109**).

**(2)**   The novelty and difficulty of the questions: While the issues raised in Defendants' Second Rule 59 Motion were not particularly novel or difficult, fully addressing the various issues was more difficult than might be expected due to the form and broad scope of Defendants' Second Rule 59 Motion.

**(3)**   The skill required to perform the legal services properly: Given the variety of issues presented and interwoven in Defendants' Second Rule 59 Motion, significant attention to detail was necessary to fully address the motion.

**(4)**   The preclusion of other employment by the attorney due to acceptance of the case: While addressing Defendants' Second Rule 59 Motion did not preclude Plaintiffs' counsel from taking on other cases, it did delay the Plaintiffs' pending appeal[10] and required Plaintiffs to expend additional time once more addressing issues that have already been decided by the Court, sometimes on more than one occasion.

**(5)**   Customary fee in the community: As set out above, the fees charged by the attorneys in this case are customary for work of this type in the Northern District of Texas.

---

10)   *See* (**DE 107**).

**(6)** The fee is fixed or contingent: The fee arrangement in the case at hand was contingent, demonstrating the risk associated with the taking of said case by Plaintiffs' counsel.

**(7)** Time limitations imposed by the client or circumstances: While there were no time limitations imposed by the clients, Plaintiffs' counsel was required to perform said work within the deadlines imposed by the Court.

**(8)** The amount involved and the results obtained: Defendants sought to have the entire jury verdict and final judgment set aside. (**DE 108**). Defendants also sought an award of unspecified attorney's fees and travel costs. Id. The final judgment in favor of Plaintiff Pineda alone totals $91,308.71. See (**DE 106**). Plaintiffs were completely successful in preserving the judgment and defending against Defendants' request for an award of attorney's fees and travel costs. See (**DE 110**). Ordinarily, the amount recovered has no bearing on the fees awarded to a plaintiff in a case of this type.[11] In this case, Plaintiffs could not have achieved a better result in regards to Defendants' Second Rule 59 Motion. Additionally, by filing a response that allowed the Court to address the Defendants' Second Rule 59 Motion quickly, Plaintiffs will be able to continue the process of their appeal in a timely and efficient manner.

**(9)** The experience, reputation, and ability of the attorneys: J.H. Zidell was the lead attorney on the case. J.H. Zidell has been an attorney in the state of Florida since September 1994; S.D. Fla. since 1995; 11th Circuit Court of Appeals since 1999; in Texas (both State and N.D. Tex.) since 2010 and the 5th Circuit Court of Appeals since 2013. He has tried numerous FLSA cases. Robert L. Manteuffel has been licensed to practice in the State of Texas since

---

11) See Davis v. Locke, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting Rivera, 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'") "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" Tyler v. Westway Auto. Serv. Ctr., Inc., Case No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, *14 (S.D. Fla. Mar. 10, 2005).

November, 1991, the Northern District of Texas since 1992 and the 5th Circuit Court of Appeals since 2013. He has been a litigator for over twenty years with both first and second chair trial experience. He did the majority of the work on this case leading up to trial, to include motion practice, hearings and depositions. He successfully tried this case. Joshua A. Petersen has been licensed to practice in the State of Texas since May 3, 2013 and has been admitted in the Northern District of Texas since May 14, 2014 and in the Eastern District of Texas since December 3, 2014. Mr. Petersen has second chair trial experience in multiple trials. He assisted with trial preparation, the trial of this case, and was primarily responsible for drafting the post-trial motion practice in the case including the response to Defendants' Second Rule 59 Motion. The rates charged by these professionals are fair and reasonable as set out above.

**(10)** The "undesirability" of the case: This was an undesirable case as this was not a simple question of employee versus employer involving overtime, but involved a complicated retaliation issue inextricably intertwined with the underlying overtime claim and clients who required translation. Further, Plaintiffs cannot read or write English which made communication with counsel difficult and time intensive.

**(11)** The nature and length of the professional relationship with the client: This was the only case that Plaintiffs and counsel had together.

**(12)** Awards in similar cases: As noted above, Plaintiffs' counsel have been awarded similar rates in other cases and by this Court in this very case.

The undersigned has reviewed all of the attorney fee data claimed herein in good faith and this motion is well grounded in fact.

PRAYER

WHEREFORE, the Plaintiffs respectfully request that the Court award the fees claimed herein under 29 U.S.C. § 216(b) and Rule 54(d) for the reasons stated above.

Respectfully submitted,

By: /s/ Robert L. Manteuffel
J.H. Zidell
State Bar No. 24071840
Email: zabogado@aol.com
Robert L. Manteuffel
State Bar No. 12957529
Email: rlmanteuffel@sbcglobal.net
Joshua A. Petersen
State Bar No. 24085524
Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   972-233-2264
Fax:   972-386-7610

ATTORNEYS FOR PLAINTIFFS

VERIFICATION

On Oct. 20, 2015 appeared Robert L. Manteuffel who is personally known to me and affirmed that the contents and attachments to this supplemental fee motion are correct.

Robert L. Manteuffel

*[Notary stamp: ROSA OWENS, Notary Public, State of Texas, My Commission Expires December 09, 2018]*

Rosa Owens
NOTARY PUBLIC/STAMP

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred by e-mail and telephone on October 20, 2015 with Nadine King-Mays, counsel for the Defendants, regarding this Motion and Defendants are opposed to the relief sought.

/s/ Robert L. Manteuffel
Robert L. Manteuffel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 20th day of October, 2015.

/s/ Joshua A. Petersen
Joshua A. Petersen
COUNSEL FOR THE PLAINTIFF(S)