UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SANTIAGO PINEDA, all others similarly situated under 29 U.S.C. 216 (b), and MARIA PENA Plaintiffs, <br><br> v. <br><br> JTCH APARTMENTS, LLC and SIMONA VIZIREANU, Defendants. | § § § § § § § § § § § § Cause No. 3:13-cv-00588-B |

**PLAINTIFF'S MOTION FOR ATTORNEY FEES
INCURRED ON APPEAL PURSUANT TO 29 U.S.C. § 216(b)**

COMES NOW Plaintiff, Santiago Pineda ("Pineda" or "Plaintiff"), by and through the undersigned counsel, and hereby files Plaintiff's Motion for Attorney Fees Incurred on Appeal Pursuant to 29 U.S.C. § 216(b) ("Appellate Fee Motion"), and in support thereof state as follows:

### INTRODUCTION

1. This is an action for overtime wages brought under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 ("FLSA").

2. On February 17, 2015, after the Jury entered a verdict in favor of Plaintiff,[1] the Court entered an Order requiring Plaintiff to file his motion with respect to attorney fees and liquidated damages no later than March 19, 2015. (**DE 88**). On March 19, 2015, Plaintiff filed his Motion for Attorney's Fees and Costs pursuant to 29 U.S.C. § 216(b) (hereinafter, "First Fee Motion") pursuant to the Court's Order (**DE 88**) for recovery of attorney fees, costs and expenses incurred in this cause up to that date. *See* (**DE 96**) and attachments thereto.

---

1) Only Plaintiff Pineda's claim was presented to the jury. *See* JURY INSTRUCTIONS (**DE 89**).

3. On April 24, 2015, Plaintiff filed an addendum to the First Fee Motion setting out costs incurred responding to filings made by Defendants after their First Fee Motion was filed. *See* (**DE 102**).

4. On August 27, 2015, after Plaintiff's First Fee Motion was fully briefed, the Court entered an Order addressing Plaintiff's First Fee Motion and the addendum thereto which awarded Plaintiff attorney fees in the amount of $76,732.88 and costs in the amount of $7,947.33. (**DE 105**).

5. Notices of appeal in this case were filed on September 24, 2015 (Plaintiffs' Notice of Appeal) and November 16, 2015 (Defendants' Notice of Appeal). *See* (**DE 107**) and (**DE 115**), respectively.

6. After full briefing and presentation of oral argument, the Fifth Circuit Court of Appeals entered its Opinion and issued its Judgment, both of which were filed in this Court on May 4, 2017. *See* (**DE 139**) and (**DE 140**), respectively. Plaintiff Pineda prevailed on his appeal and was successful in opposing Defendants' appeal.[2] Id. As a result of the outcome of the appeals, the Fifth Circuit also issued an order remanding the case to this Court for a determination of the amount of attorney fees Plaintiff Pineda is entitled to recover for the appeal. *See* (**DE 138**).

7. Pursuant to the order, opinion, and judgment of the Fifth Circuit, Plaintiff Pineda presents this motion to the Court for determination.

---

2) Plaintiff Maria Pena was not successful on her appeal regarding FLSA anti-retaliation protection for third parties who are not employees. (**DE 139**). However, as Plaintiff Pineda and Plaintiff Pena's cases are inextricably intertwined, distinguishing between the time devoted to their respective claims is "virtually impossible." *See* Hensley v. Eckerhart, 461 U.S. 424, 448 (1983) (Justices Brennan, Marshall, Blackmun, and Stevens, concurring in part and dissenting in part).

## BASIS OF THE AWARD

A prevailing Plaintiff is a "party in whose favor a judgment is rendered, regardless of the amount of damages awarded." <u>Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources</u>, 532 U.S. 598, 603 (2001). The Court has already found that Plaintiff Pineda was the prevailing party in the underlying case. *See* MEMORANDUM OPINION AND ORDER (**DE 105**). Plaintiff was also the prevailing party on his appeal related to the availability of emotional distress damages and was successful in opposing Defendants' appeal. *See* (**DE 139**) and (**DE 140**). Pursuant to 29 U.S.C. § 216(b), having prevailed on his underlying FLSA claims, all issues raised in Defendants' appeal, and the issue he raised on appeal, Plaintiff Pineda is entitled to recover additional reasonable attorney fees and costs from the Defendants that were necessarily incurred during the appellate process.[3] The Fifth Circuit has previously found that a prevailing Plaintiff's attorney fees include those fees necessarily incurred in the course of an appeal and this case was remanded to this Court for a determination of such fees. *See* <u>Weisel v. Singapore Joint Venture, Inc.</u>, 602 F.2d 1185, 1190-91 n. 18 (5th Cir. 1979) (stating, "On remand, therefore, the Trial Court should determine whether liquidated damages are appropriate, and if so, how much. It should also award attorneys' fees in an amount deemed reasonable, *including those for this appeal*.") (emphasis added); (**DE 138**). This Court has already considered the issue of Plaintiff Pineda's attorney fees once and found the rates charged by Plaintiff's attorneys at that time to be reasonable.[4]

---

3) "[T]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).
4) *See* MEMORANDUM OPINION AND ORDER, (**DE 105**). As set forth below, Plaintiff's attorneys' hourly rates have increased since the filing of Plaintiff's First Fee Motion.

The attorney fees claimed by Plaintiff are detailed in the Ledger attached as **Exhibits A and B**.[5] Plaintiff claims additional fees in this case totaling $60,375.16.

## ATTORNEY'S FEES

The attorney fees sought in this case are based on $540.16 of travel, meals, and lodging expenses incurred by Plaintiff's counsel to attend oral argument at the Fifth Circuit Court of Appeals and 190.7 hours of work done by the following attorneys and legal assistant:

| Attorney | Initials On Billing Records | Hourly Rates[6] | Total Hours Worked On The Case | Total Fees |
|---|---|---|---|---|
| J.H. Zidell, Esq. | JZ | $390.00/hr. | 31.5 | **$12,285.00** |
| Robert Manteuffel, Esq. | RM | $390.00/hr. | 74.2 | **$28,938.00** |
| Joshua Petersen, Esq. | JAP | $260.00/hr. | 64.5 | **$16,770.00** |
| Rosa Nichols, Legal Assistant | RO | $90.00/hr. | 20.5 | **$1,845.00** |

The Court's own expertise is utilized to establish a reasonable fee and cost award in this case. Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The determination of reasonable attorney fees is left to the sound discretion of the trial court. *See* Weeks v. Southern Bell Telephone and Telegraph Co., 467 F.2d 95, 97 (5th Cir. 1972), and cases cited therein. No expert opinion evidence is required on the issue. *See* Matter of First Colonial Corp. of America, 544 F.2d 1291, 1300 (5th Cir. 1977). Courts use the "lodestar method" to

---

5) **Exhibit B** is the affidavit of Rosa Nichols, the firm's legal assistant, and the attached ledger reflecting her work on this case. There is some overlap on dates between Plaintiff's First Supplemental Fee Motion and the work performed on the appeal at issue in this motion. The ledger therefore reflects more hours worked than are being claimed herein; *ie*, the 182.8 hours of attorney time reflected in the time summary has been reduced by the 12.6 hours already requested in the First Supplemental Fee Motion. The total hours claimed herein is equal to 182.8 hours reflected in the Time Summary – 12.6 hours already claimed in the First Supplemental Fee Motion + 20.5 hours of time for Ms. Nichols for a total of 190.7 hours.
6) The hourly rates for Mr. Zidell, Mr. Manteuffel, and Mr. Petersen have increased since Plaintiff's First Fee Motion was filed on March 19, 2015.

assess attorney fees in FLSA suits. Saizan v. Delta Concrete Prods., Co., 448 F.3d 795, 799 (5th Cir.2006).[7] The district court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney. Id. The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. Id.

The party seeking attorney fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the factors setting out the attorney's qualifications and skill. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Court may also consider the factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974). See Hilton v. Exec. Self Storage Assoc., 2009 WL 1750121 at *8 (S.D. Texas 2009).[8] After calculating the lodestar, the court must consider whether to adjust the fee upward or downward. Hilton, 2009 WL 1750121 at *8.

The most important factor to consider is the degree of success obtained. Id. In this case, Plaintiff Pineda achieved complete success both in prosecuting his own issue on appeal and defending against Defendants' appeal. See (**DE 139**); (**DE 140**). Further, even if the claimed fees are not proportional to the amount recovered for Plaintiff, the fee award need not be precisely proportionate to the result obtained. See Saizan, 448 F.3d at 802-03 & n.42. This argument should have no bearing on the fees awarded to Plaintiff for the appeal in this case, particularly as the issue raised on appeal by Plaintiff Pineda was an issue of first impression for

---

7) In the end, the test is whether or not "the district court has utilized the *Johnson* framework as the basis of its analysis, has not proceeded in a summary fashion, and has arrived at an amount that can be said to be just compensation." Cobb v. Miller, 818 F.2d 1227, 1232 (5th Cir. 1987).

8) "The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Id. at *8 n.5

the Fifth Circuit, Plaintiff Pineda's total recovery may increase based on the outcome of further proceedings following the appeal, and Plaintiff Pineda had no choice but to defend against the appeal filed by Defendants which was a very broad, fact-intensive appeal that was ultimately found to be untimely as to many issues that still required briefing before they were dismissed.[9]

Moreover, while a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public." Hodgson v. Miller Brewing Co., 457 F.2d 221, 228-229 (7th Cir. 1972).

As the additional fees incurred by Plaintiff in this matter flow in substantial part from defending against the Defendants' cross-appeal, Defendants cannot be heard to complain about those fees necessarily incurred by Plaintiff in responding to Defendants' own cross-appeal. *See e.g.* Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 956 (E.D.Wis. 2003) (quoting City of Riverside v. Rivera, 477 U.S. 561, 580-581 n.11 (1986)).  This is particularly true in this case as Defendants attempted to appeal on a wide variety of grounds, including that Plaintiff was an independent contractor and that he failed to prove that Defendant JTCH was an enterprise engaged in commerce.  Defendants' appeal was ultimately dismissed as untimely, on Plaintiff's motion, as to every issue it sought to raise with the exception of the attorney fees awarded to Plaintiff in the final judgment.  (**DE 139 at pp. 2 – 3**).

Defendants also made significant, fact-intensive allegations regarding this Court's prior award of attorney fees on appeal.  Id. at p. 9.  However, the Fifth Circuit found that none of the issues regarding attorney fees argued by Defendants on appeal had been properly raised or

---

9) *See* Davis v. Locke, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting Rivera, 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'"). "Given the nature of claims under The FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." Powell v. Carey Int'l., Inc., 547 F. Supp. 2d 1281, 1286 (S.D.Fla. 2008).  *See also* (**DE 139**).

preserved in the briefing in this Court. Id. Even though they were not properly raised or preserved in this Court, Plaintiff was still required to respond to these fact-intensive allegations. Id. The Fifth Circuit ultimately affirmed the award of attorney fees to Plaintiff in this Court, stating, "With no challenge to the fee award properly before us, we affirm the district court's award." (**DE 139 at p. 9**). In sum, Defendants continued their established pattern of behavior, previously recognized by this Court in its order granting Plaintiff's First Fee Motion, of making "prolific and repetitive" filings which required Plaintiff's counsel to expend considerable time on the appeal of this matter. *See e.g.* (**DE 105 at p. 11**); Fifth Circuit Docket Sheet attached hereto as **Exhibit C**.

The attorneys that performed work on this case are listed by initials on the fee ledger attached hereto as **Exhibit A**. "JZ" refers to J.H. Zidell, Esq. and "RM" refers to the undersigned Robert L. Manteuffel. The hourly rates claimed for these attorneys are $390/hr. for J.H. Zidell, Esq. and $390.00/hr. for Robert L. Manteuffel. "JAP" refers to Joshua A. Petersen; the hourly rate claimed for him is $260.00/hr.

This Court previously found that the rate of $350.00/hr. was reasonable for Mr. Zidell and Mr. Manteuffel and that the rate of $230.00/hr was reasonable for Mr. Petersen in this case.[10] In the intervening years since Plaintiff's First Fee Motion was filed, the rates charged by Mr. Zidell and Mr. Manteuffel have increased to $390.00/hr and the rate charged by Mr. Petersen has increased to $260.00/hr. In the event that the Court does not find these increased rates to be reasonable, Plaintiff respectfully request that the Court continue to use the rates it previously found reasonable for these attorneys when the Court granted Plaintiff's First Fee Motion. See

---

10) *See* MEMORANDUM OPINION AND ORDER, (**DE 105**); PLAINTIFFS' VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 29 U.S.C. § 216(B) (**DE 96**) and Exhibits A – N attached thereto.

(**DE 105** at p. 8).  Therefore, the total fee that J.H. Zidell P.C. requests, $60,375.16, is an amount buttressed by analysis of the Johnson factors, as follows:

**(1)** Time and Labor Required: as set out above, a significant amount of time was required to completely address the issues raised by the parties on appeal.  The issue raised by Plaintiff Pineda was one of first impression for the Fifth Circuit and Defendants brought a broad cross-appeal that raised a wide variety of fact-intensive issues that had to be addressed in a methodical manner.  Furthermore, significant motion practice was necessary during the appeal due to the untimeliness of Defendants' cross-appeal as to a number of issues and Defendants' own motions.

**(2)** The novelty and difficulty of the questions: as set out above, the issue raised by Plaintiff Pineda was one of first impression for the Fifth Circuit.  The issues raised by Defendants were fact-intensive and required a close review of the record and methodical briefing to address in full.

**(3)** The skill required to perform the legal services properly: Given the issues presented on appeal as described above and in the Fifth Circuit's opinion, the litigation of the appeal required a high level of skill to prosecute fully and properly.

**(4)** The preclusion of other employment by the attorney due to acceptance of the case: While taking on this case did not prohibit Plaintiff's counsel from taking on other cases, it did prohibit Plaintiff's counsel from working on other pending matters, as this case required a great concentration of time and effort to prevail on appeal.

**(5)** Customary fee in the community: As set out above, the fees charged by the attorneys in this case are customary for work of this type in the Northern District of Texas.

**(6)** The fee is fixed or contingent: The fee arrangement in the case at hand was contingent, demonstrating the risk associated with the taking of said case by Plaintiff's counsel.

**(7)** Time limitations imposed by the client or circumstances: While there were no time limitations imposed by the clients, the Court and the Fifth Circuit imposed time limitations for litigating this case (i.e. deadlines to file notices of appeal, appellate briefing schedule etc.). Therefore, Plaintiff's counsel were required to perform said work within the deadlines imposed by the Court and the Fifth Circuit.

**(8)** The amount involved and the results obtained: Defendants sought to have the entire jury verdict and final judgment set aside. (**DE 115**). Plaintiff Pineda sought a finding that emotional distress damages were recoverable under his FLSA retaliation claim. (**DE 107**). Plaintiff was completely successful in defending against Defendants' appeal, the Fifth Circuit held that emotional distress damages are available to plaintiff's in FLSA retaliation cases, and the case has been remanded for further proceedings to determine what amount, if any, Plaintiff is entitled to recover for his emotional distress damages. *See* (**DE 139**); (**DE 140**). Ordinarily, the amount recovered has no bearing on the fees awarded to a plaintiff in a case of this type.[11] In this case, Plaintiff could not have achieved a better result in regards to Defendants' cross-appeal and his own appeal. The final amount to be recovered by Plaintiff Pineda in this case requires further proceedings.

**(9)** The experience, reputation, and ability of the attorneys: J.H. Zidell was the lead attorney on the case. J.H. Zidell has been an attorney in the state of Florida since September 1994; S.D. Fla. since 1995; 11th Circuit Court of Appeals since 1999; in Texas (both State and N.D.

---

11) See Davis v. Locke, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting Rivera, 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'") "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" Tyler v. Westway Auto. Serv. Ctr., Inc., Case No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, *14 (S.D. Fla. Mar. 10, 2005).

Tex.) since 2010 and the 5th Circuit Court of Appeals since 2013. He has tried numerous FLSA cases. Robert L. Manteuffel has been licensed to practice in the State of Texas since November, 1991, the Northern District of Texas since 1992 and the 5th Circuit Court of Appeals since 2013. Mr. Manteuffel argued the case to the Fifth Circuit. He has been a litigator for over twenty years with both first and second chair trial experience. He did the majority of the work on this case leading up to trial, to include motion practice, hearings and depositions. He also successfully tried this case. Joshua A. Petersen has been licensed to practice in the State of Texas since May 3, 2013 and has been admitted in the Northern District of Texas since May 14, 2014 and in the Eastern District of Texas since December 3, 2014. Mr. Petersen has second chair trial experience in multiple trials. He assisted with trial preparation, the trial of this case, and was primarily responsible for drafting the post-trial motion practice in the case and for briefing and motion practice on appeal. The rates charged by these professionals are fair and reasonable as set out above.

(10)  The "undesirability" of the case: This was an undesirable case as this was not a simple question of employee versus employer involving overtime, but involved a complicated retaliation issue inextricably intertwined with the underlying overtime claim and clients who required translation. Further, Plaintiff cannot read or write English which made communication with counsel difficult and time intensive. Finally, Plaintiff's issue on appeal was one of first impression in the Fifth Circuit.

(11)  The nature and length of the professional relationship with the client: This was the only case that Plaintiff and counsel had together.

(12)  Awards in similar cases: As noted above, Plaintiff's counsel have been awarded similar rates in other cases and by this Court in this very case.

The Fifth Circuit determined that the parties should bear their own costs on appeal; therefore Plaintiff is *not* requesting costs incurred on appeal in this motion. *See* (**DE 140**). Costs on appeal generally include copy costs, binding costs, preparation and transmission of the record, the reporter's transcript, filing fees, and premiums paid for supersedeas bonds or other bonds to preserve rights pending appeal. *See* FED. R. APP. P. 39. As opposed to the taxable costs that the Fifth Circuit ordered the parties to bear, attorney expenses for travel, meals, and lodging are "… the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *See* Mancia v. JJ Chan Food, Inc., Civil Action No. 3:12-cv-2467-L (BF), 2016 WL 4468092, at * (N.D. Tex. June 21, 2016) (Stickney, M.J.) (citing Hilton v. Exec. Self Storage Assocs., Inc., No. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (quoting Quintanilla v. A&R Demolition, Inc., No. H-04-1965, 2008 WL 9410399, at *9 (S.D. Tex. May 7, 2008))). Therefore, Plaintiff also seeks $540.16 in travel, meals, and lodging expenses incurred in attending oral argument at the Fifth Circuit Court of Appeals as evidenced in **Exhibit A**.

The undersigned has reviewed all of the attorney fee data claimed herein in good faith and this motion is well grounded in fact.

## PRAYER

WHEREFORE, Plaintiff Pineda respectfully requests that the Court award the fees claimed herein under 29 U.S.C. § 216(b) and Rule 54(d) for the reasons stated above.

                                                            Respectfully submitted,

By:   /s/ Robert L. Manteuffel
        J.H. Zidell
        State Bar No. 24071840
        Email: zabogado@aol.com
        Robert L. Manteuffel
        State Bar No. 12957529
        Email: rlmanteuffel@sbcglobal.net
        Joshua A. Petersen
        State Bar No. 24085524
        Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:   972-386-7610

**ATTORNEYS FOR PLAINTIFFS**

## VERIFICATION

On May 18th, 2017 appeared Robert L. Manteuffel who is personally known to me and affirmed that the contents and attachments to this motion for attorney fees incurred on appeal are correct.

_____
Robert L. Manteuffel

[Notary stamp: ROSA OWENS, Notary Public, State of Texas, My Commission Expires December 09, 2018]

_____
NOTARY PUBLIC/STAMP

## CERTIFICATE OF CONFERENCE

  I hereby certify that I conferred by e-mail on May 18, 2017 with Nadine King-Mays, counsel for the Defendants, regarding this Motion and Defendants are opposed to the relief sought.

              s/ Joshua A. Petersen
              Joshua A. Petersen

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of the United States District Court for the Northern District of Texas, Dallas Division this 18th day of May, 2017.

              s/ Joshua A. Petersen
              Joshua A. Petersen
              COUNSEL FOR THE PLAINTIFF(S)